## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

WILLIE LEE HOWARD                    *
227 34th St., NE
Washington, DC 20019                 *  Case No.:

      Plaintiff                 *

  v.
                                     *

COUNTRYWIDE HOME LOANS, INC.
4500 Park Granada                    *
Calabasas, CA 91302
                                     *
and

EQUITABLE MORTGAGE GROUP, INC. *
7305 Baltimore Avenue, Suite 207
College Park, Maryland 20740         *

and                                  *

INDYMAC BANK, F.S.B.                 *
888 East Walnut Street
Pasadena, CA 19901                   *

and                                  *

WILLIAM MASON                        *
7305 Baltimore Avenue, Suite 207
College Park, Maryland 20740         *

and                                  *

MORTGAGE DISCOUNTERS, INC. D/B/A *
PREMIER FUNDING GROUP
7535 Little River Turnpike           *
Annandale, VA 22203
                                     *
and                                  *

WASHINGTON MUTUAL BANK, F.S.B.
1201 Third Avenue                    *

Seattle, WA 98101
                                  *

and
                                  *

WMC MORTGAGE CORPORATION
3100 Thornton Avenue          *
Burbank, CA 91504
                                  *

and
                                  *

UNKNOWN DEFENDANT ASSIGNEES,
                                  *

    Defendants

*    *    *    *    *    *    *    *    *    *    *    *

## NOTICE OF REMOVAL

Defendant Washington Mutual Bank ("WAMU") by and through its attorneys, Michael N. Russo, Jr., Michael S. Steadman, and Council, Baradel, Kosmerl & Nolan, P.A., hereby represent that this case is properly removable, pursuant to 28 U.S.C. §1441. As grounds for this representation, Defendant states as follows:

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 for federal question and pursuant to 28 U.S.C. 1332(a)(3) which provides for jurisdiction where there is diversity of citizenship of the parties.

2. Plaintiff filed his original Complaint in the Superior Court for the District of Columbia. A summons was issued and served on Defendant WAMU, by service on its resident agent, on February 26, 2008 along with a copy of the Complaint and Summons. These copies of are attached hereto as Exhibit 1.

3. According to the Complaint, Plaintiff is a resident of the District of Columbia.

4. Defendant WAMU, is a federally charted bank with its principal office in the State of Washington.

5. Defendant Countrywide Home Loans, Inc. is, a Delaware Corporation with its

principal place of business in the State of California.

6. Defendant IndyMac is a Federal Savings Bank organized in and with its principal place of business in the State of California.

7. Defendant William Mason is an individual resident of the State of Maryland.

8. Defendant Mortgage Discounters, Inc., d/b/a Premier Funding Group, is a Virginia corporation with its principal place of business in Virginia.

9. Defendant Equitable Mortgage Group, Inc., is a Maryland corporation with its principal place of business in Maryland.

10. Defendant WMC Mortgage Corporation, is, upon information and belief a California corporation with its principal place of business in California.

11. Filed herewith as Exhibit 1 are true and legible copies of all of the process, pleadings and papers served on Defendant WAMU

12. Filed herewith as Exhibit 2 are true and legible copies of the Notice of Filing (without exhibits) and Answer which Defendant has filed with the Superior Court for the District of Columbia, in response to Plaintiff's Complaint.

13. Plaintiff's Complaint alleges causes of action arising out of a consumer residential loan transaction and violation of the DC Consumer Protection Procedures Act; DC Code 28-3901 et seq.; federal Truth in Lending Act 15 U.S.C. 1601 et seq.; DC Usury Law DC Code 28-3301 et seq; and seeks an unspecified amount of damages which is reasonably expected to exceed $75,000.

14. Pursuant to 28 U.S.C. §1446(d), this Notice shall effect removal and there shall be no further proceedings in the State Court until the case is remanded.

WHEREFORE, Defendant WAMU respectfully prays that the above action now pending in the Superior Court for the District of Columbia be removed therefrom to this Honorable Court.

COUNCIL, BARADEL, KOSMERL
& NOLAN, P.A.

By: _____
Michael N. Russo, Jr., Esq.
D.C. Bar # 424712
Michael S. Steadman
D.C. Bar # 502347
125 West Street, 4th Floor
Post Office Box 2289
Annapolis, Maryland 21404-2289
Annapolis:  (410) 268-6600
Baltimore:  (410) 269-6190
Washington:  (301) 261-2247
*Attorneys for Defendant Washington Mutual Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2008, a true copy of the foregoing document was sent via first class mail, postage prepaid, to the following:

Jonathan Zucker
514 10th Street, NW
Washington, D.C. 20004

Equitable Mortgage Group, Inc.
7305 Baltimore Avenue, Suite 207
College Park, Maryland 20740

William Mason
7305 Baltimore Avenue, Suite 207
College Park, Maryland 20740

Mortgage Discounters, Inc. d/b/a
Premier Funding Group
7535 Little River Turnpike
Annandale, VA 22203

Mark B. Bierbower, Esq.
Hunton & Williams LLP
1900 K Street NW
Washington  DC 20006

IndyMac Bank, F.S.B.
888 East Walnut Street
Pasadena, CA 19901

WMC Mortgage Corporation
3100 Thornton Avenue
Burbank, CA 91504

Michael N. Russo, Jr.

IN THE SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA

WILLIE LEE HOWARD )
227 34th Street NE )
Washington, DC  20019 )
)
)
Plaintiff, )
v. )        Civil Action No.
)
COUNTRYWIDE HOME LOANS, INC. )
4500 Park Granada )
Calabasas, CA  91302, )
)        0001169-08
EQUITABLE MORTGAGE GROUP, INC. )    JURY TRIAL DEMANDED
7305 Baltimore Avenue, Suite 207 )
College Park, Maryland 20740, )
)
INDYMAC BANK, F.S.B. )
888 East Walnut Street )
Pasadena, CA 19901, )
)
WILLIAM MASON )
7305 Baltimore Avenue, Suite 207 )
College Park, MD 20740, )
)
MORTGAGE DISCOUNTERS, INC., d/b/a )
PREMIER FUNDING GROUP )
7535 Little River Turnpike )
Annandale, VA  22203, )
)
WASHINGTON MUTUAL BANK, F.S.B., )
1201 Third Avenue )
Seattle, WA 98101, )
)
WMC MORTGAGE CORPORATION )
3100 Thornton Avenue )
Burbank, CA  91504 )
)
and )
)
UNKNOWN DEFENDANT ASSIGNEES, )
)
Defendants. )



RECEIVED
Civil Clerks Office
FEB 1 5 2008
Superior Court of the
District of Columbia
Washington, D.C.



EXHIBIT
1
ALL-STATE LEGAL®

## VERIFIED COMPLAINT

*Action Involving Real Property*

1.    Plaintiff, Willie Howard, brings this action to seek redress against abusive mortgage refinancing practices that have jeopardized his home.  Collectively, defendants targeted Mr. Howard, took advantage of his illiteracy and lack of sophistication in financial matters, and induced him to enter into unsuitable loans that did not substantially benefit him in violation of District of Columbia law.   Defendants Equitable Mortgage Group, Inc. ("Equitable"), Mortgage Discounters, Inc., d/b/a Premier Funding Group ("Premier"), and Countrywide Home Loans, Inc. ("Countrywide") solicited Mr. Howard and induced him to refinance his home four times in less than two years.  Collectively, these and prior refinances, with their attendant fees, costs, prepayment penalties, and negative amortization increased the mortgage debt on Mr. Howard's home by over $50,000 in less than a year and a half.

2.    Mr. Howard — a 65-year-old laborer who is illiterate —was repeatedly promised low payments and a fixed rate mortgage on his home in Northeast Washington, the first home he has ever owned.  Instead of the promised fixed-rate loans, he was sold a series of increasingly complex and risky mortgage products – including payment option adjustable rate mortgages -- that were ill-suited to a person on the eve of retirement; did not provide him a substantial benefit; and jeopardized his home ownership by increasing the balance on his mortgage every day.

3.    Plaintiff's District of Columbia claims arise under the District of Columbia Consumer Protection Procedures Act ("CPPA")  D.C. Code § 28-3901 *et seq.* which protects consumers against unfair and deceptive trade practices.  Among other things, the CPPA prohibits mortgage lenders from making loans if there is a reasonable probability a consumer cannot repay, making loans from which the consumer does not receive a substantial benefit, and taking

advantage of a person's illiteracy. D.C. Code 28-3904(r) (1), (2) & (3).    Among other claims

asserted here, Mr. Howard alleges that the "no-income, no asset" loan program under which

Countrywide approved his mortgage with full knowledge that he had no income is an unfair and

deceptive trade practice under the CPPA.

4.    Plaintiff also asserts claims against defendants IndyMac Home Loans, Inc.

("IndyMac") and Washington Mutual Bank ("WaMu") and any other defendant assignee of the

IndyMac and AMPRO mortgages based on violations of the federal Truth in Lending Act, 15

U.S.C. §1601, *et seq.* ("TILA") and a corollary D.C. statute, D.C. Code § 28-3301 *et seq.*

## JURISDICTION

5.    Jurisdiction of this Court is founded upon sections 11-921, 28-3905(k), 28-3314,

and 13-423 of the D.C. Code.

## PARTIES

6.    Plaintiff Willie Lee Howard resides at 227 34th St. NE, Washington, D.C. 20019.

7.    Defendant Countrywide Home Loans, Inc. ("Countrywide") is located at 4500

Park Granada, Calabasas, California 91302. Defendant Countrywide Home Loans is a licensed

mortgage lender in the District of Columbia.

8.    Defendant, Mortgage Discounters, Inc., d/b/a/ Premier Funding Group

("Premier") is a Virginia corporation located at 7535 Little River Turnpike, Annandale, VA

22203. Premier is licensed in the District of Columbia and regularly solicits and brokers

residential mortgage loans to D.C. homeowners.

9.    Defendant Equitable Mortgage Group, Inc. ("Equitable") is a Maryland

corporation whose place of business is 7305 Baltimore Avenue, Suite 207, College Park,

Maryland 20740. Equitable is licensed as a mortgage broker in the District of Columbia.

3

10.    Defendant IndyMac Bank F.S.B. ("IndyMac") is a federally chartered savings bank located at 888 East Walnut Street, Pasadena CA 19901 that regularly originates and purchases loans secured by homes in the District of Columbia.

11.    Defendant Washington Mutual Bank, F.S.B. ("WaMu") is a federal savings bank located at 1201 Third Avenue, Seattle, WA 98101 that regularly originates and purchases loans secured by homes in the District of Columbia.

12.    Defendant William Mason is a mortgage broker for defendant Equitable. His business address, on information and belief, is 7305 Baltimore Avenue, Suite 207, College Park, Maryland. Mr. Mason regularly solicits and brokers mortgage loans to D.C. homeowners.

13.    Defendant WMC Mortgage Corporation ("WMC") is a California mortgage lender located at 3100 Thornton Ave, Burbank, CA 91504 that regularly originates and purchases loans secured by homes in the District of Columbia.

14.    The identities of the assignees of Mr. Howard's mortgages are unknown at this time. On information and belief, Mr. Howard's mortgages were securitized and assigned to currently unknown trusts and purchased by unknown investors. These entities are collectively referred to as the "Defendant Assignees".

## FACTS

15.    Willie Lee Howard bought his first home at 227 34th St. NE, Washington, DC 20019 with HUD assistance in 2000. Mr. Howard, a 65-year old African-American, currently continues to work as a construction site laborer despite his age.

16.    Mr. Howard grew up as one of 14 children of sharecroppers in rural Snow Hill, North Carolina. He occasionally attended school as a child, but his father pulled him out of

school entirely after seventh grade to farm full-time. Mr. Howard cannot read or write and unabashedly states this fact.

17.     Mr. Howard sharecropped in North Carolina until the mid-1960s when he moved to Washington, D.C. and began working as a laborer on construction sites.

18.     Mr. Howard worked for over 15 years for Newnan Enterprises as a construction site laborer. His employment at Newnan ended in the summer of 2006 because Newnan Enterprises closed entirely. Mr. Howard was out of work from the summer of 2006 until November, 2006, when he obtained his current position as a laborer at Davis Construction Company.

19.     Mr. Howard currently earns $15.89 an hour as a laborer at Davis Construction. Despite his age, he works overtime as much as possible to maximize his income to pay his mortgage.

20.     Mr. Howard elected not to begin receiving his Social Security payments at age 65 in order to maximize his benefits. Mr. Howard does not have a pension.

21.     Mr. Howard plans on retiring in the summer of 2008. According to the Social Security Administration, when Mr. Howard begins receiving his benefits in the summer of 2008, the payments will be well under $1500 a month.

22.     Mr. Howard purchased his 963 square foot, 2 bedroom, 1 bath home in Northeast DC in May of 2000 for $107,914.00 with a HUD-subsidized loan.

23.     Over the last four years, Mr. Howard was repeatedly solicited with telephone calls and mailings to refinance the mortgage on his home. The representations and promises made in these solicitations were particularly attractive to Mr. Howard because of his desire to have a fixed rate mortgage that would be affordable on his Social Security retirement income.

24.    Each of Mr. Howard's four most recent refinancings was the result of repeated telephone solicitations.  On information and belief, Equitable and Premier initiated three of the four refinances, all of which occurred in the seventeen months between June of 2005 and November of 2006.   Mr. Mason, a loan officer who currently works for Equitable but who has ties to Premier, called Mr. Howard repeatedly over this time period, each time telling him he could help Mr. Howard obtain a lower payment and/or a fixed rate.  The final refinancing in October 2006 was originated by Countrywide through a telephone solicitation in which Countrywide told Mr. Howard that his mortgage would soon adjust and that Countrywide could provide him with a lower fixed rate.

25.    In conjunction with each of his refinancings, Mr. Howard told each person with whom he dealt in person or presented him paperwork that he could not read.

### Summary of Loan Terms June, 2006 – November, 2006

|  |  |  | Total points, fees, PPP's, negative amortization |
|---|---|---|---|
| As of June 1, 2005 | Prior Mortgage[1] | | |
| | Principal | $137,234 | ---- |
| June 25, 2005 | WMC Mortgage | | |
| | Principal | $ 151,500.00 | |
| | Interest | 6.15% | |
| | Yield Spread Prem. | ---- | |
| | Points, fees, costs | 9,258.00 | |
| | Prepayment penalty and/or Negative amortization | 2,304.00 | $11,562.00 |
| Dec. 7, 2005 | IndyMac Mortgage | | |
| | Principal | $ 164,000.00 | |
| | Interest | 1.25% teaser-13.5% | |
| | Yield Spread Prem. | 3,895.00 | |
| | Points, fees, costs | 7,830.00 | |
| | Prepayment penalty and/or Negative amortization | 6,763.00 | $14,593.00 |
| May 26, 2006 | AMPRO/WAMU Mortgage | | |
| | Principal | $ 202,500.00 | |
| | Interest | 1% teaser – 9.5% | |
| | Yield Spread Prem. | 4,556.00 | |
| | Points, fees, costs | 8,789.00 | |
| | Prepayment penalty and/or Negative amortization | 3,394.00 | $12,191.00 |
| October 26, 2006 | Countrywide Mortgage | | |
| | Principal | $ 238,500.00 | |
| | Interest | 6.626%-11.625% | |
| | Yield Spread Prem. | ---- | |
| | Points, fees, costs | 12,606.00 | |
| | Prepayment penalty and/or Negative amortization | --- | $12,606.00 |
| TOTAL HOME EQUITY LOST | | | $ 50,952.00 |

---

[1] This mortgage, on which Mr. Howard paid a $923 prepayment penalty, is not a subject of this Complaint.

*June 2005 Refinance: WMC Mortgage*

26.     In the summer of 2005, Mr. Howard had a mortgage on his home of approximately $137,000.  He was solicited over the telephone for a refinance of his mortgage through Premier.  The Premier representative, who was, on information and belief, Mr. Mason, told Mr. Howard that it was time to refinance his home to avoid the mortgage adjusting and that he could get Mr. Howard into lower monthly payments.  In fact, Mr. Howard's previous adjustable rate mortgage was not scheduled to reset until February 2007.

27.     Mr. Howard provided documentation of his income and bank accounts.  Mr. Howard was told to drive to a location off Kenilworth Avenue near Greenbelt to close the loan.

28.     Mr. Howard's new loan was not the fixed rate product he was promised.  Instead, the new lender, WMC Mortgage Company extended Mr. Howard a complex, 30 year mortgage that charged interest only, at adjustable rates for the first 5 years, after which the principal and interest were charged.

29.     While the WMC mortgage had an initial payment of only $741, the payment was destined to rise to $1120 within twenty-four months. The principal amount of the new loan was $151,500.  Mr. Howard paid $9,257.77 in fees and costs to settle the loan. In addition, he had to pay a $923 prepayment penalty to repay his previous loan.  The WMC loan also provided that he would have to pay a significant prepayment penalty if he paid off the WMC mortgage less than two years after its origination.

*December 7, 2005 Refinance: IndyMac*

30.     In the winter of 2005, Mr. Howard was solicited over the telephone for another refinance of his mortgage through Mr. Mason of Equitable.  Mr. Mason told Mr. Howard that he needed to refinance before the rate on his mortgage increased.  Again, there were promises of

lower payments and fixed rates. In reality, Mr. Howard's previous adjustable rate mortgage was not scheduled to reset until July 2007.

31.    An Equitable employee came out to Mr. Howard's home and completed a Loan Application. This Application erroneously represents that Mr. Howard had 16 years of education. Mr. Howard provided documentation of his income and bank accounts.

32.    On information and belief, Mr. Howard settled this loan at Equitable's offices in College Park, Maryland on December 7, 2005. The lender on the loan was IndyMac Bank. The new principal on the mortgage jumped to $164,000, which included over $7,829.89 in fees and charges as well as a prepayment penalty for early payoff of his previous WMC loan. Indeed, the payoff for that loan was $153,804.28, over $2000 more than the initial principal on the WMC mortgage originated only six months earlier.

33.    Equitable was paid a yield spread premium of $3895 by IndyMac. A "yield spread premium" is a premium the lender pays to the broker, which is paid for by the borrower in the form of a higher interest rate. The "yield spread premium" is typically higher when the broker delivers a loan with a prepayment penalty to the lender.

34.    Mr. Howard's new loan was not a fixed rate mortgage but an IndyMac Bank Payment Option ARM. Under the terms of the loan, the initial teaser rate of 1.25% was effective for less than two months, after which it adjusted according to an index every month with a 9.5% interest rate cap. Thus, less than two months into the loan, when the teaser rate expired, the actual interest rate charged on Mr. Howard's mortgage rose from 1.25% to 6.58%.

35.    The 1.25% initial teaser rate was used to calculate Mr. Howard's monthly payment, creating the illusion that the loan would bear a 1.25% interest rate for the full term, rather than the actual rate. In fact, because the teaser rate evaporated less than two months into

the loan, interest accrued each month thereafter at the higher, adjustable rate. However, the minimum payment IndyMac required to be paid for the first year—$621.03 including taxes and insurance—only prevented the loan from going into default. In this "payment option" ARM, Mr. Howard was given the "choice" each month of four payment options. Because this $621.03 minimum payment—the one Mr. Howard was quoted at closing — was not even sufficient to pay the interest that accrued each month, the shortfall was added to the outstanding principal, making the loan negatively amortize. The fully amortizing payments on the IndyMac mortgage would have been $1215 a month.

36.     The IndyMac loan also imposed a prepayment penalty if Mr. Howard paid off the mortgage less than three years after its origination.

37.     IndyMac provided various documents and paperwork at closing, including a Truth in Lending Disclosure Statement. Attached as Exhibit A. The Truth in Lending disclosure, however, does not indicate how often the payments are to be made.

### May 26, 2006 Refinance: AMPRO/WaMu

38.     In May of 2006—only five months after his previous refinance — Mr. Howard was solicited over the telephone for yet another refinance of his mortgage through Premier Funding. Mr. Howard was again told that it was time to refinance his home to avoid the mortgage adjusting and that he could qualify for lower monthly payments that would be fixed to give Mr. Howard some security as he approached his retirement years. In fact, Mr. Howard's previous mortgage was not scheduled to adjust until February 2007.

39.     Mr. Howard again provided full documentation of his income and bank accounts. Again, he was instructed to drive to a location off Kenilworth Avenue in Greenbelt to close the loan.

40.     Mr. Howard closed his new loan on May 26, 2006. The originating lender on the loan was AMPRO Mortgage. The principal amount owing jumped to $202,500, including $8796.69 in fees and charges as well as yet undetermined prepayment penalty to repay his previous IndyMac loan. AMPRO paid a yield spread premium to Premier of $4556.

41.     Mr. Howard's new loan was another Payment Option ARM—not the fixed rate product he was promised. Under the terms of the loan, Mr. Howard was charged an initial interest rate of 1%, which was only effective for approximately two months, after which it adjusted according to an index every month with a 9.95% interest rate cap. Thus, two months into the loan, when the teaser rate expired, the actual interest rate charged on Mr. Howard's loan rose from 1% to 7.82%.

42.     The 1% initial teaser rate was used to calculate the monthly payment, creating the illusion that the loan would bear a 1% interest rate for the full term, rather than the actual rate. The minimum payment required to be paid for the first year—$651 which did not include taxes and insurance—only prevented the loan from going into default. In this "payment option" ARM, Mr. Howard was given the "choice" each month of four payment options. The $651 minimum payment—the one he was quoted at closing—was not sufficient to pay the interest accruing each month, so the shortfall was added to the outstanding principal, making the loan negatively amortize. During the five-month life of Mr. Howard's AMPRO mortgage, the principal amount required to repay the loan increased by more than $3000. The fully amortizing payment on the mortgage AMPRO made to Mr. Howard was $1549.48 a month.

43.     AMPRO provided various documents and paperwork at closing, including the TILA required Notices of Right to Cancel and a TILA disclosure statement. Attached as Exhibit B & C. The Notices of Right to Cancel provided by AMPRO fail to provide a date on which the

11

right to cancel expired. The TILA disclosure significantly understated the Finance Charge; significantly understated the Annual Percentage Rate ("APR") on the mortgage as 1.055%; and failed to provide an accurate disclosure of the Schedule of Payments.

44.    On information and belief, AMPRO assigned Mr. Howard's mortgage to WaMu.

*October 26, 2006 Refinance: Countrywide*

45.    In the fall of 2006, Mr. Howard was solicited over the telephone for yet another refinance of his mortgage by Countrywide. Mr. Howard told the telemarketer that he had been unemployed for three months and had no income. The telemarketer told him that would not be a problem and that Mr. Howard would be able to get a fixed rate loan with lower payments of around $740 a month.   Anxious to stabilize his monthly obligations before retirement, Mr. Howard agreed to apply for the loan.

46.    A Countrywide employee came to Mr. Howard's house to complete the Loan Application. Countywide did not ask Mr. Howard for his tax returns, bank statements, W-2's, or any other documentation of his income. Mr. Howard told the Countrywide employee he could not read.

47.    Although Mr. Howard did not ask for cash out as part of the refinancing, he was told that the funds would come out of the equity in his house anyway so he should take it. Although he did not understand this, Mr. Howard agreed and ultimately received nearly $20,000 in cash out at settlement.

48.    Shortly thereafter, the Countrywide employee called Mr. Howard. He told him that his payment would not be lower but that it would only go up by about $30.00. Mr. Howard agreed.

49.     Mr. Howard's mortgage was evaluated according to what are known as "no income, no asset" ("NINA") documentation guidelines. Under the NINA program, Countrywide personnel were permitted to submit, approve, and originate mortgages based on a Loan Application in which no income or assets are stated or documented. Mr. Howard's Loan Application with Countrywide indicates that his income is $00.00

50.     Countrywide sent an appraiser to Mr. Howard's home. Mr. Howard paid the appraiser $300. Mr. Howard also recalls Countrywide sending a second appraiser. Countrywide ultimately charged Mr. Howard a total of $710 for appraisals on his home.

51.     When Mr. Howard went to the Countrywide office in Tysons Corner, Virginia as instructed to close his loan,   He was assured that his payments would only be $30.00 higher than his current loan. After waiting several hours in the parking lot, Mr. Howard was shown into a back room by a female Countrywide employee he had never met to close the loan.

52.     Mr. Howard told the Countrywide employee that he could not read. He orally confirmed with her that the monthly payments would not be more than $30.00 more than his prior loan.

53.     Mr. Howard's Countrywide loan was an interest-only adjustable rate loan, not the fixed rate program he had been promised. Because of the negative amortization in his prior IndyMac loan and the $12,606 he paid in fees to finalize the Countrywide mortgage, the principal amount jumped to $238,500. Initial monthly interest payments on the Note were $1706.37 a month including taxes, insurance and private mortgage insurance—almost one thousand dollars more per month than the amount he was promised. As of the date of settlement, payments at the fully indexed rate on the Countrywide loan would have been approximately $2,154.

54.     Mr. Howard did not learn that the actual amount of his monthly payment was not the $770 he was promised until he received his first statement.  He called the Countrywide employee who had come to his home.  The employee said that he had been unable to qualify Mr. Howard for program he applied.  He told him not to worry because Countrywide could refinance him again in five or six months.

55.     Never having requested the $20,000 cash out, Mr. Howard turned these funds over to counsel in 2007.  These funds, in addition to a monthly contribution by Mr. Howard, are currently being used to keep Mr. Howard's mortgage payment current.

*Origination and Assignment of Mr. Howard's Mortgages*

56.     On information and belief, Mr. Howard's mortgages were securitized and assigned to currently unknown trusts and purchased by unknown investors ("Defendant Assignees").

57.     On information and belief, the complex, unaffordable, and unconscionable mortgages extended to Mr. Howard were based on mortgage products and documentation and underwriting guidelines created by Defendants Countrywide, IndyMac, WaMu, and WMC and their Defendant Assignee secondary market partners, all of whom promoted, underwrote and ultimately paid incentives to employees or brokers for each of the loans at issue.

### COUNT I
**Violation of the CCPA by Countrywide and Defendant Assignees:
No-Income No-Asset Loans Violate CPPA**

58.     Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1- 57 above.

59.     The District of Columbia, in order to protect consumers from unfair and misleading business practices and to provide consumers with proper redress of grievances, enacted the Consumer Protection Procedures Act ("CPPA"), D.C. Code §28-3901, *et seq.*

60.     The CPPA applies to consumer credit loans secured by residential property.

61.     Any consumer who suffers damages as a result of violations of the CPPA may bring an action and recover treble damages, attorneys' fees, punitive damages and other appropriate relief.

62.     Defendants Countrywide and its Defendant Assignees made, funded, and securitized an unconscionable loan to Mr. Howard in violation of D.C. Code 28-3904(r)(1), which prohibits the making  loans without regard to the borrower's ability to repay the loan. D.C. Code § 28-3904(r).

63.     "No income, no asset" or NINA loans are extended without consideration of income or assets.  The Income and Asset sections of the borrower's Residential Loan Application are either left blank or filled out with zeros, as $00.00.

64.     Defendants Countrywide's and its Defendant Assignees' practice of originating, funding, and securitizing mortgages without consideration of income and in fact, here, with knowledge that Mr. Howard had no income, is an unfair and deceptive practice under the CPPA.

65.     Defendants Countrywide's and its Defendant Assignees' violations of the CPPA were intentional, willful and wanton and justify the imposition of treble and punitive damages as well as attorneys' fees and costs.

## COUNT II
### Violations of the CPPA by Defendants
**Equitable Mortgage, Premier Funding, WMC Mortgage, IndyMac Bank,
Washington Mutual, William Mason, Countrywide and Defendant Assignees**

66.    Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1-65 above.

67.    Defendants solicited, brokered and extended complex and unconscionable loans to Mr. Howard in violation of D.C. Code 28-3904(r) in that they, *inter alia*:

    a.    refinanced Mr. Howard's  mortgage loans without providing him substantial benefits. D.C. Code § 28-3904(r)(2).  Indeed, each of the refinancings worked to Mr. Howard's substantial detriment—among other things, causing him to pay some combination of substantial costs and fees, prepayment penalties, and/or negative amortization;

    b.    extended mortgage loans to Mr. Howard with knowledge that there was no reasonable expectation he would be able to repay the mortgages as structured, in violation of D.C. Code §28-3904(r)(1);

    c.    knowingly took advantage of Mr. Howard's inability to protect his own interests by reason of his illiteracy, lack of sophistication, and other factors,  in violation of D.C. Code §28-3904(r)(5).

68.    Defendants committed unlawful trade practices under D.C. Code § 28-3904 by, *inter alia*:

    a.    Materially misrepresenting the benefits to Mr. Howard of refinancing his home mortgages and the terms of the mortgages in violation of § 28-3904(e);

b. Materially misrepresenting that the mortgages would have fixed rates, in violation of § 28-3904 (a) & (e);

c. Failing to state material facts regarding the escalating adjustable rate payments that were imposed under the terms of the Payment Option ARM and interest only ARM mortgages they sold Mr. Howard, in violation of § 28-3904(f);

d. Materially misrepresenting to Mr. Howard that the rates on his current mortgages were about to adjust upward when those adjustments were not due to occur for many more months, in violation of § 28-3904(a) & (e);

e. Failing to inform Mr. Howard that refinancing the mortgages with prepayment penalties prior to the expiration of the penalty period would cost him thousands of dollars, in violation of § 28-3904(f);

f. Promising Mr. Howard that his monthly payments would go down when, in fact, the monthly payments were scheduled to go to higher and unaffordable levels, in violation of § 28-3904(a) & (e);

g. Failing to tell Mr. Howard that the payment option ARM products they sold him would add to the principal balance on his mortgage, in violation of § 28-3904(f).

69. Defendants' violations of the CPPA were intentional, willful and wanton and justify the imposition of treble and punitive damages as well as attorneys' fees and costs.

**COUNT IV**
**Violations of the Truth in Lending Act by**
**IndyMac Bank, WaMu and Defendant Assignees**

70. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1-69 above.

71.     At all times relevant hereto, IndyMac and AMPRO, in the ordinary course of their business, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

72.     At all times relevant hereto, IndyMac and AMPRO were creditors within the meaning of the Truth in Lending Act ("TILA"), 15 U.S.C. §1602(f) and Regulation Z §226.2(a)(17).

73.     On information and belief, WaMu is the assignee of the loan originated by AMPRO.

74.     TILA and Regulation Z mandate that all closed end consumer loans be accompanied by a Truth in Lending disclosure of material terms.  TILA, 15 U.S.C. §1638, 1639; 12 C.F.R. §226.18.  Notice that the borrower has 3-business days to cancel the mortgage is one of the material disclosures required by TILA. 12 C.F.R. §226.23

75.     IndyMac's TILA disclosure failed to include material terms, namely the frequency of payments.

76.     AMPRO's Notice of Right to Cancel violated TILA in that it failed to disclose the date on which the right to cancel expires.

77.     In addition, AMPRO's TILA disclosure materially violated TILA in that it significantly understated the Annual Percentage Rate ("APR") on the mortgage as 1.055%; significantly understated the Finance Charge;  and failed to provide an accurate disclosure of the Schedule of Payments.

78.     Assignees of mortgages are liable for rescission under TILA. 15 U.S.C. §1641(c).

79.     Accordingly, Defendants IndyMac's and AMPRO's violations of TILA entitle plaintiff to rescission as to the creditors and any defendant assignees under 15 U.S.C. §1635 as

well as statutory damages under 15 U.S.C. §1640, costs and attorneys' fees pursuant to 15 U.S.C. §1640.

## COUNT V
### Violations of D.C Usury Law by
### IndyMac Bank and Defendant Assignees

80.    Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1-79 above.

81.    Defendant IndyMac's failure to deliver material disclosures also violates D.C. Code §28-3301(f)(3), entitling plaintiff to actual and punitive damages and attorneys' fees pursuant to D.C. Code §28-3314.

## COUNT VI
### Violation of the CPPA by
### IndyMac, Washington Mutual, and Defendant Assignees

82.    Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1-81 above.

83.    IndyMac and WaMu, acting in concert with unknown Defendant Assignees, through their actions in promoting, underwriting and ultimately funding the plaintiff's loans, violated the CPPA by:

      a.    Paying yield spread premiums and/or other financial incentives to brokers and lenders to originate loans to borrowers such as plaintiff with unconscionable prepayment penalties;

      b.    Paying yield spread premiums and/or other financial incentives to brokers and lenders to originate payment option ARM's that are underwritten, if at all, to a teaser rate that expires shortly after the loan

is originated so that borrowers like plaintiff will be forced to refinance or go into default because of the inability to repay;

  c.  Paying yield spread premiums and/or other financial incentives to brokers and lenders to originate payment option ARM's whose negative amortization will erode the equity in the homes of borrowers such as plaintiff.

84.  Defendants' violations of the CPPA were intentional, willful, and wanton and justify the imposition of treble and punitive damages and attorneys' fees and costs.

## COUNT VII
### Violation of the CPPA by
### WMC Mortgage and Defendant Assignees

85.  Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1-84 above.

86.  Defendant WMC, acting in concert with unknown Defendant Assignees, through their actions in promoting, underwriting and ultimately funding the plaintiff's loan, violated the CPPA by paying financial incentives to originate loans to borrowers such as plaintiffs with unconscionable prepayment penalties.

87.  Defendants' violations of the CPPA were intentional, willful, and wanton and justify the imposition of treble and punitive damages and attorney's fees and costs.

## COUNT VIII
### Violation of the CPPA by
### Countrywide and Defendant Assignees

88.  Plaintiff realleges and incorporates herein by reference each and every allegation of paragraphs 1-87 above.

89.     Countrywide, acting in concert with unknown Defendant Assignees, through their actions in promoting, underwriting and ultimately funding the plaintiff's loan violated the CPPA by paying financial incentives to originate loans under "no income, no asset" guidelines.

90.     Defendants' violations of the CPPA were intentional, willful, and wanton and justify the imposition of treble and punitive damages and attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, in light of the foregoing, plaintiff Willie Howard respectfully requests that this Court:

    a.     award actual damages in an amount to be determined at trial;

    b.     award treble damages;

    c.     award punitive damages in an amount to be determined at trial;

    d.     award attorneys' fees;

    e.     award reasonable costs of this action;

    f.     declare plaintiff entitled to rescind his IndyMac and AMPRO mortgages; pursuant to 15 U.S.C. §1635 and §1641(c);

    g.     award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues.

Respectfully submitted,

*Jean Constantine-Davis/nre*

Jean Constantine-Davis #250084
jcdavis@aarp.org
Nina F. Simon #256396
nsimon@aarp.org
AARP Foundation Litigation
601 E Street, NW
Washington, DC  20049
(202) 434-2058 or 2059

*Melissa Briggs/nre*

Melissa Briggs #480862
Melissa.briggs@responsiblelending.org
Eric Halperin #491199
Eric.halperin@responsiblelending.org
Center for Responsible Lending
910 17th Street, NW
Washington, DC  20006
(202) 349-1850

*Al Wilson/nre*

Al Wilson #486596
awilson@thewilsonfirm.com
The Wilson Firm, LLC
700 12th Street, NW, Ste. 700
Washington, DC  20005
(202) 558-5170

*Jonathan Zucker/nre*

Jonathan Zucker # 384629
jonathanzucker@aol.com
Patricia Daus #412174
pdaus2@covad.net
514 10th Street, NW
Washington, DC  20004
(202) 624-0784


Attorneys for Plaintiff Willie Lee Howard

## VERIFICATION OF WILLIE LEE HOWARD

I, Willie Lee Howard, verify under penalty of perjury that the allegations contained in the

foregoing VERIFIED COMPLAINT were read to me and are true and correct to the best of my

knowledge, information and belief.

_____
Willie Lee Howard

DISTRICT OF COLUMBIA, ss:

SUBSCRIBED AND SWORN TO before me this 13th day of February, 2008.

_____
NOTARY PUBLIC

My Commission Expires:    Barbara J. Johnson
Notary Public, District of Columbia
My Commission Expires 4/30/2011



**EXHIBIT A**

# TRUTH IN LENDING DISCLOSURE STATEMENT

DATE: December 7, 2005    LOAN #: 122391929

CREDITOR: IndyMac Bank, F.S.B.

LOAN PROGRAM: IndyMac-WS:(ID12MAT) 12 MAT ARM

NAME OF BORROWER(S): Willie Lee Howard

MAILING ADDRESS: 227 34th Street NE, Washington, DC 20019

PROPERTY ADDRESS: 227 34th Street NE, Washington, DC 20019

| ANNUAL PERCENTAGE RATE The cost of your credit at a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | AMOUNT FINANCED The amount of credit provided to you or on your behalf | TOTAL OF PAYMENTS The amount you will have paid after you have made all payments as scheduled |
|---|---|---|---|
| 6.781% | $ 247,165.84 | $ 158,854.11 | $ 406,019.95 |

Your payment schedule will be:

Construction Loan: ☐ If checked, this loan provides for interest-only payments during the construction period. Beginning you will make periodic interest-only payments during the construction period, followed by payments of principal and interest as scheduled below.

| Number of Payments | Amount of Payments | When Payments Are Due | Number of Payments | Amount of Payments | When Payments Are Due | Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|---|---|---|---|---|---|
| 12 | 546.53 | 02/01/2006 | | | | | | |
| 12 | 587.52 | 02/01/2007 | | | | | | |
| 12 | 631.58 | 02/01/2008 | | | | | | |
| 12 | 678.95 | 02/01/2009 | | | | | | |
| 5 | 729.87 | 02/01/2010 | | | | | | |
| 306 | 1,215.11 | 07/01/2010 | | | | | | |
| 1 | 1,211.98 | 01/01/2036 | | | | | | |

**Demand Feature:** ☒ This loan does not have a Demand Feature. ☐ This loan has a Demand Feature.

**Variable Rate:** ☒ If checked, this loan contains a variable rate feature. Disclosures about the variable rate feature were provided to you earlier.

**Assumption:** Someone buying your property ☐ cannot, unless otherwise provided by federal law, ☒ may, subject to conditions, be allowed to assume the remainder of the loan on the original terms.

**Security:** You are giving a security interest in the property located at: 227 34th Street NE, Washington, DC 20019 You are giving a security interest in: **Your Property.**

**Late Charge:** If a payment is not received by the end of 15 days after the date it is due, you will be charged 5.00 % of the overdue payment.

**Prepayment:** If you pay this loan early you ☒ may ☐ will not have to pay a penalty. If you pay off an FHA insured loan, on a date other than the regular installment date, you may be assessed interest charges until the end of the month. You ☐ may be or ☒ will not be entitled to a refund of part of the finance charge.

**Deposit:** ☐ If checked, the annual percentage rate does not take into account your required deposit.

**Property Insurance:** Property insurance is required on this loan. Flood insurance may be required if the property is located in a area designated as an area having special flood hazards. You may obtain property insurance and, if required, flood insurance from anyone you want that is acceptable to Creditor.

**Filing Fee:** $ 200.00     (e)

"e" means estimate

See your contract documents for any additional information about non-payment, default, any required payment in full before the scheduled date, and any prepayment refunds.

☐ all dates and numerical disclosures except the late payments disclosures are estimates

The undersigned hereby acknowledge receipt of a completed copy of this Disclosure, and if this loan has a Variable Rate feature, a copy of an Adjustable/Variable Rate Loan Program Disclosure along with a copy of The Consumer Handbook on Adjustable Rate Mortgages (CHARM Booklet). The undersigned understand that this is not a contract or a loan commitment.

_Willie Lee Howard_    12/7/05

Willie Lee Howard    (Borrower) (Date)

_____ (Borrower) (Date)

_____ (Borrower) (Date)

_____ (Borrower) (Date)

NOTE: Payments shown above do not include reserve deposits for taxes, property or flood insurance.

Truth in Lending Disclosure Statement (Multistate)
IndyMac Bank, F.S.B.

December 7, 2005   16:31:10    I = 3.4780    M = 3.100     Page 1 of 1     82001MU 11/00

**EXHIBIT B**

## NOTICE OF RIGHT TO CANCEL

Loan Number: 5010084896

Borrowers: WILLIE L HOWARD

Property Address: 227 34TH STREET NE, WASHINGTON, DISTRICT OF COLUMBIA 20019

**YOUR RIGHT TO CANCEL**

You are entering into a transaction that will result in a mortgage, lien or security interest on or in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

1. the date of the transaction, which is MAY 26, 2006                ; or
2. the date you receive your Truth in Lending disclosures; or
3. the date you receive this notice of your right to cancel.

If you cancel the transaction, the mortgage, lien or security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien or security interest on or in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at

AMPRO MORTGAGE, A DIVISION OF UNITED FINANCIAL MORTGAGE CORP
5772 PEACHTREE DUNWOODY RD., SUITE C-120
ATLANTA, GEORGIA 30342

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of _____
(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL.**

_____          _____
Consumer's Signature                Date
WILLIE L HOWARD

**ACKNOWLEDGMENT OF RECEIPT**

EACH OF THE UNDERSIGNED HEREBY ACKNOWLEDGES THE RECEIPT OF TWO (2) COMPLETED COPIES OF THIS NOTICE OF RIGHT TO CANCEL.

_Willie L Howard_     _05 26 06_
WILLIE L HOWARD           Date

NOTICE OF RIGHT TO CANCEL/RESCISSION MODEL FORM H-8 (GENERAL)
03/17/06

DocMagic *€Forms* 800-648-1362
www.docmagic.com

**EXHIBIT C**

## FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
(THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

Loan Number: 5010084896              Date: MAY 26, 2006
Creditor: AMPRO MORTGAGE, A DIVISION OF UNITED FINANCIAL MORTGAGE CORP
Address: 5772 PEACHTREE DUNWOODY RD., SUITE C-120, ATLANTA, GEORGIA 30342

Borrower(s): WILLIE L HOWARD

Address: 227 34TH STREET NE, WASHINGTON, DISTRICT OF COLUMBIA 20019

Lines containing an "x" are applicable:

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | ☐ Total Sale Price The total cost of your purchase on credit including your down payment of $ |
|---|---|---|---|---|
| 1.055 % | $33,562.55 | $200,916.25 | $234,478.80 | $ |

**PAYMENTS: Your payment schedule will be:**

| Number of Payments | Amount of Payment ** | When Payments Are Due | Number of Payments | Amount of Payment ** | When Payments Are Due | Number of Payments | Amount of Payment **. | When Payments Are Due |
|---|---|---|---|---|---|---|---|---|
| | | Monthly beginning | | | Monthly beginning | | | Monthly beginning |
| 360 | 651.33 | 08/01/06 | | | | | | |

_____ DEMAND FEATURE: This obligation has a demand feature.

__X__ VARIABLE RATE FEATURE: Your loan contains a variable rate feature. Disclosures about the variable rate feature have been provided to you earlier.

INSURANCE: The following insurance is required to obtain credit:
_____ Credit life insurance and credit disability __X__ Property insurance _____ Flood insurance _____ Mortgage insurance
You may obtain property insurance from any insurer that is acceptable to the Lender.
SECURITY: You are giving a security interest in: 227 34TH STREET NE, WASHINGTON, DISTRICT OF COLUMBIA
_____ The goods or property being purchased __X__ Real property you already own. 20019
FILING FEES: $250.00
LATE CHARGE: If payment is more than ____ 15 ____ days late, you will be charged ____ 5.000 % of the payment.
PREPAYMENT: If you pay off early, you
_____ may __X__ will not have to pay a penalty.
_____ may __X__ will not be entitled to a refund of part of the finance charge.
ASSUMPTION: Someone buying your property
_____ may _____ may, subject to conditions __X__ may not assume the remainder of your loan on the original terms.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment refunds and penalties.
__X__ "e" means an estimate _____ all dates and numerical disclosures except the late payment disclosures are estimates.
Each of the undersigned acknowledge receipt of a complete copy of this disclosure. The disclosure does not constitute a contract or a commitment to lend.

_Willie L Howard_      05 26 06
Applicant   WILLIE L HOWARD      Date     Applicant           Date

Applicant           Date     Applicant           Date

Applicant           Date     Applicant           Date

** NOTE: Payments shown above do not include reserve deposits for taxes, assessments, and property or flood insurance.

FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
05/17/06           DocMagic ⓔ∏ecess 800-649-1362
www.docmagic.com

# NOTICE OF RIGHT TO CANCEL

Loan Number: 5010084896

Borrowers: WILLIE L HOWARD

Property Address: 227 34TH STREET NE, WASHINGTON, DISTRICT OF COLUMBIA 20019

---

**YOUR RIGHT TO CANCEL**

You are entering into a transaction that will result in a mortgage, lien or security interest on or in your home. You have a legal right under federal law to cancel this transaction, without cost, within three business days from whichever of the following events occurs last:

1. the date of the transaction, which is MAY 26, 2006          ; or
2. the date you receive your Truth in Lending disclosures; or
3. the date you receive this notice of your right to cancel.

If you cancel the transaction, the mortgage, lien or security interest is also cancelled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien or security interest on or in your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at
AMPRO MORTGAGE, A DIVISION OF UNITED FINANCIAL MORTGAGE CORP
5772 PEACHTREE DUNWOODY RD., SUITE C-120
ATLANTA, GEORGIA 30342

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of _____
(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL.**

_____          _____
Consumer's Signature                      Date
WILLIE L HOWARD

---

**ACKNOWLEDGMENT OF RECEIPT**

EACH OF THE UNDERSIGNED HEREBY ACKNOWLEDGES THE RECEIPT OF TWO (2) COMPLETED COPIES OF THIS NOTICE OF RIGHT TO CANCEL.

*Willie L Howard*        05 26 06
_____          _____
WILLIE L HOWARD                          Date

---

NOTICE OF RIGHT TO CANCEL/RESCISSION MODEL FORM H-8 (GENERAL)
03/17/06

DocMagic ✦Forms 800-649-1362
www.docmagic.com

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

WILLIE LEE HOWARD
          Plaintiff,

v.

COUNTRYWIDE HOME
     LOANS, INC, et al.
         Defendants

Case No: 2008 CA 001169 R(RP)
Judge Odessa F. Vincent

**Notice and Acknowledgment of
Receipt of Summons**

**NOTICE**

To: Kerry K. Killinger
    President
    Washington Mutual Bank, FSB
    1201 Third Avenue
    Seattle, WA 98101

    The enclosed summons and complaint are served pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure.

    You must sign and date the Acknowledgment. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under you signature your authority.

    If you do not complete and return the form to the sender within twenty (20) days after it has been mailed, you (or the other party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint in any other manner permitted by law.

    If you do complete and return this form, you (or the person on whose behalf you are being served) must answer the complaint within twenty (20) days after you have signed, dated and returned the form. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint.

    This Notice and Acknowledgment of Receipt of Summons and Complaint was mailed on February _19th_ , 2008.

_Patricia Daus_
Patricia Daus

_2/19/08_
Date of Signature

### Acknowledgment of Receipt of Summons and Complaint

I received a copy of the summons and complaint in the above-captioned matter at 1301 2nd Avenue, Seattle, WA 98101.

_____
Signature

_____
Relationship to Entity/Authority
to receive Service of Process

_____
Date of Signature



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

WILLIE LEE HOWARD
    Vs.
COUNTRYWIDE HOME LOANS, INC.

C.A. No.    2008 CA 001169 R(RP)

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge ODESSA F VINCENT
Date:  February 15, 2008
Initial Conference: 9:00 am, Friday, May 16, 2008
Location:  Courtroom B-52
        510 4th Street, NW
        WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

**IN THE SUPERIOR COURT**
**OF THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| WILLIE LEE HOWARD | * | |
| 227 34th Street, NE | * | Case No.: 2008-CA-001169 R (RP) |
| Washington, DC 20019 | * | |
| Plaintiff | * | |
| | * | Judge Vincent |
| v. | * | |
| | * | Next Event: Initial Conference |
| COUNTRYWIDE | * | 5/16/08 – 9 a.m. |
| HOME LOANS, INC., et al | * | |
| 4500 Park Granada | * | |
| Calabasas, CA 91302 | * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**ANSWER AND CROSS-CLAIM OF WASHINGTON MUTUAL**

Defendant Washington Mutual Bank ("WAMU") by and through its attorneys, Michael N. Russo, Jr., Michael S. Steadman, and Council, Baradel, Kosmerl & Nolan, P.A., hereby answers the Complaint ("Complaint") by Plaintiff in the above captioned matter, and state as follows:

**Preliminary Matters**

1.     The Complaint fails to state a claim upon which relief may be granted.

**Specific Responses**

2.     WAMU admits the statements in paragraphs 4, 44, and 73 of the Complaint.

3.     WAMU admits in part and denies in part paragraph 11 of the Complaint. Specifically, WAMU admits that it is a bank that regularly originates and purchases loans secured by homes in the District of Columbia. WAMU, denies the remainder of paragraph 11. By way of further explanation, WAMU asserts it is officially known as "Washington Mutual



EXHIBIT
2.
ALL-STATE LEGAL®

Bank", not Washington Mutual Bank, F.S.B. Moreover, WAMU asserts it's correct address is 1301 2nd Avenue, Seattle, WA 98101.

4.      WAMU denies the statements in paragraphs 67-69, 76, 77-79, 83, and 84 of the Complaint.

5.      WAMU is without sufficient information to admit or deny, and therefore denies, the allegations of paragraphs 1, 2, 6-10, 12-43, 45-57, 71, 72, and 75 of the Complaint.

6.      WAMU adopts by reference and incorporates herein the specific responses to the Complaint incorporated in paragraphs 66, 70, and 82 of the Complaint.

7.      The averments set forth in the following paragraphs of the Complaint are statements and/or conclusions of law to which no response is required, and if required, are denied: 3, 4, 60 and 74.

8.      The statements set forth in paragraphs 58-65 (Count I of the Complaint), 80-81 (Count V of the Complaint), 85-87 (Count VII of the Complaint), and 88-90 (Count VIII of the Complaint) of the Complaint are directed only to other Defendants , not WAMU.  Therefore, it is not appropriate for WAMU to admit or deny the statements therein.  To the extent responses are required, they are denied.

## Affirmative Defenses

9.      Plaintiff's claims are barred by the doctrine of Accord and Satisfaction.

10.     Plaintiff's claims are barred by Assumption of Risk.

11.     Plaintiff's claims are barred by Contributory Negligence.

12.     Plaintiff's claims are barred by Estoppel.

13.     Plaintiff's claims are barred by Fraud.

14.     Plaintiff's claims are barred by Waiver.

15.     Plaintiff's claims are barred by Collateral Estoppel.

16.     Plaintiff's claims are barred by Unclean Hands.

17.     Plaintiff lacks standing to maintain this suit.

18.     Plaintiff has failed to mitigate damages.

19.     Plaintiff has failed to allege facts sufficient to support a claim of treble or punitive damages.

WHEREFORE, WAMU prays that the court dismiss the Complaint with prejudice, award it its attorneys' fees and costs herein incurred, and provide such further relief as the Court deems appropriate.

## CROSS CLAIM

Cross-Plaintiff Washington Mutual Bank ("WAMU") by and through its attorneys, Michael N. Russo, Jr., and Council, Baradel, Kosmerl & Nolan, P.A., hereby assert a Cross Claim against Cross-Defendants Equitable Mortgage Group, Inc. ("Equitable Mortgage"), William Mason, and Mortgage Discounters, Inc., d/b/a/ Premier Funding Group ("Premier") in the above-entitled action and as reason for each say:

### Facts

1.     The real property which is the subject of this litigation is located at 227 34th Street NE, Washington, D.C. 20019.

2.     Plaintiff alleges in his Complaint that William Mason conducted multiple mortgage refinance loan transactions with Plaintiff Willie Lee Howard ("Plaintiff") for the subject property during the course of less than a two-year period.

3.    Plaintiff alleges in his Complaint that during that time frame, Cross-Defendants Equitable Mortgage, Premier, and William Mason were the parties to have direct contact with and solicit business from Willie Lee Howard.

4.    Plaintiff alleges in his Complaint that the loan to which WAMU became the assignee after the fact arose out of a refinance solicitation by Premier. The originating lender for that loan was AMPRO Mortgage.

5.    Sometime after AMPRO made the loan to Plaintiff, it assigned that loan to WAMU. Prior to the point in time when AMPRO assigned it the loan, WAMU had not participated in any mortgage transactions with Plaintiff.

6.    Any other improper conduct or fraudulent inducement with respect to the Plaintiff refinancing the subject property was the result of the active wrongdoing of Cross-Defendants, with no active negligence on the part of WAMU.

7.    WAMU adopts and incorporates herein all other paragraphs as set forth in this paper.

8.    If WAMU is found liable to Plaintiff for any wrongdoing alleged in the Complaint, it is entitled to be compensated, made whole and indemnified, held harmless, and reimbursed by the Cross-Defendants for any awards, fees, and expenses relating to the amount of any such award, as well as relating to assignment of the refinance mortgage for Plaintiff and the subject property.

WHEREFORE, for the reasons set forth above, WAMU respectfully requests that this Court enter a judgment in their favor and against William Mason, Premier, and Equitable Mortgage, for indemnification for any judgment entered in favor of Plaintiff against WAMU, plus damages in the amount of Three Hundred Fifty Thousand Dollars ($350,000.00), plus

attorney's fees, pre-judgment interest, post-judgment interest, costs and expenses, and any further relief as the Court may deem appropriate.

COUNCIL, BARADEL, KOSMERL & NOLAN, P.A.

By:   */S/ Michael N. Russo, Jr.*
Michael N. Russo, Jr., Esq.
D.C. Bar # 424712
Michael S. Steadman
D.C. Bar # 502347
125 West Street, 4th Floor
Post Office Box 2289
Annapolis, Maryland 21404-2289
Annapolis:  (410) 268-6600
Baltimore:  (410) 269-6190
Washington:  (301) 261-2247
*Attorneys for Defendants Washington Mutual Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of March 2008, a true copy of the foregoing document was sent via the court's e-filing system or via first class mail, postage prepaid, to the following:

Jonathan Zucker
514 10th Street, NW
Washington, D.C. 20004

Mark B. Bierbower
Hunton & Williams
1900 K Street, NW
Washington, DC, 20006

Equitable Mortgage Group, Inc.
7305 Baltimore Avenue, Suite 207
College Park, Maryland 20740

William Mason
7305 Baltimore Avenue, Suite 207
College Park, Maryland 20740

Mortgage Discounters, Inc. d/b/a
Premier Funding Group
7535 Little River Turnpike
Annandale, VA 22203

IndyMac Bank, F.S.B.
888 East Walnut Street
Pasadena, CA 19901

WMC Mortgage Corporation
3100 Thornton Avenue
Burbank, CA 91504

/s/ Michael N. Russo, Jr.
_____
Michael N. Russo, Jr.

## IN THE SUPERIOR COURT
## OF THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WILLIE LEE HOWARD | * |
|  | * |
| Plaintiff | * Case No.: 2008-CA-001169 R (RP) |
|  | * |
|  | * Judge Vincent |
| v. | * |
|  | * Next Event: Initial Conference |
| COUNTRYWIDE | * 5/16/08 – 9 a.m. |
| HOME LOANS, INC., et al | * |
| Defendants | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF FILING REMOVAL TO USDC

The Clerk of this Court will please be advised that Defendant Washington Mutual Bank in the above entitled matter, has removed the instant action to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1441.  Pursuant to 28 U.S.C. §1441, this Notice shall effect removal and there shall be no further proceedings in this Court until the case is remanded.

Attached is a copy of a Notice of Removal (without exhibits) which has been filed in the United States District Court for the District of Columbia.

COUNCIL, BARADEL, KOSMERL &
NOLAN, P.A.

By:     /S/ Michael N. Russo, Jr.
Michael N. Russo, Jr., Esq.
D.C. Bar # 424712

Michael S. Steadman
D.C. Bar # 502347
125 West Street, 4th Floor
Post Office Box 2289
Annapolis, Maryland 21404-2289

Annapolis: (410) 268-6600
Baltimore: (410) 269-6190
Washington: (301) 261-2247
*Attorneys for Defendants Washington Mutual Bank*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2008, a true copy of the foregoing document was sent via first class mail, postage prepaid, to the following:

Jonathan Zucker
514 10th Street, NW
Washington, D.C. 20004

Equitable Mortgage Group, Inc.
7305 Baltimore Avenue, Suite 207
College Park, Maryland 20740

William Mason
7305 Baltimore Avenue, Suite 207
College Park, Maryland 20740

Mortgage Discounters, Inc. d/b/a
Premier Funding Group
7535 Little River Turnpike
Annandale, VA 22203

Mark B. Bierbower, Esq.
Hunton & Williams LLP
1900 K Street NW
Washington  DC 20006

IndyMac Bank, F.S.B.
888 East Walnut Street
Pasadena, CA 19901

WMC Mortgage Corporation
3100 Thornton Avenue
Burbank, CA 91504

*/S/ Michael N. Russo, Jr.*
Michael N. Russo, Jr.

## 2008 CA 001169 R(RP) HOWARD, WILLIE L Vs. COUNTRYWIDE HOME LOANS, INC.

| File Date | 02/15/2008 | Case Status | Open | Case Status Date | 02/15/2008 |
|---|---|---|---|---|---|
| | | Case Disposition | Undisposed | Case Disposition Date | |

### Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| HOWARD, WILLIE L | | PLAINTIFF | ZUCKER, Mr JONATHAN S | (202)624-0784 |
| COUNTRYWIDE HOME LOANS, INC. | | Defendant | BIERBOWER, Mr MARK B | (202)778-2201 |
| EQUITABLE MORTGAGE GROUP, INC. | | Defendant | | |
| INDYMAC BANK, F.S.B. | | Defendant | | |
| MASON, WILLIAM | | Defendant | | |
| MORTGAGE DISCOUNTERS, INC. | PREMIER FUNDING GROUP | Defendant | | |
| WASHINGTON MUTUAL BANK, F.S.B. | | Defendant | RUSSO, JR, Mr MICHAEL N | (410)269-6190 |
| WMC MORTGAGE CORPORATION | | Defendant | | |
| WASHINGTON MUTUAL BANK FA | | Defendant Cross Plaintiff | RUSSO, JR, Mr MICHAEL N | (410)269-6190 |
| EQUITABLE MORTGAGE GROUP, INC. | | Defendant Cross Defendant | | |
| MASON, WILLIAM | | Defendant Cross Defendant | | |
| MORTGAGE DISCOUNTERS, INC. | PREMIER FUNDING GROUP | Defendant Cross Defendant | | |

### Case Schedule

| Date | Start Time | Event Type | Result |
|---|---|---|---|
| 05/16/2008 | 09:00 AM | Initial Scheduling Conference-60 | |

### Financial Entries

| Receipt # | Date | Received From | Amount Paid |
|---|---|---|---|
| 98842 | 03/17/2008 | 424712 | 20.00 |
| | Payment | | Fee |

| | | | | |
|---|---|---|---|---|
| Receipt Depositor | | 20.00 | Cost | 20.00 |

| Receipt # | Date | Received From | | Amount Paid |
|---|---|---|---|---|
| 97968 | 03/07/2008 | ZUCKER, JONATHAN | | 10.00 |
| | **Payment** | | **Fee** | |
| | Check | 10.00 | Cost | 10.00 |

| Receipt # | Date | Received From | | Amount Paid |
|---|---|---|---|---|
| 96120 | 02/19/2008 | Jonathan S. Zucker | | 10.00 |
| | **Payment** | | **Fee** | |
| | Check | 10.00 | Cost | 10.00 |

| Receipt # | Date | Received From | | Amount Paid |
|---|---|---|---|---|
| 95989 | 02/15/2008 | jonathan s. zucker | | 120.00 |
| | **Payment** | | **Fee** | |
| | Check | 120.00 | Cost | 120.00 |

## Docket Entries

| Date | Text |
|---|---|
| 03/14/2008 | Answer and Cross- Claim of Washington Mutual Filed. Submitted 03/14/2008 16:14. ts. Attorney: RUSSO Jr, Mr MICHAEL N (424712) Receipt: 98842 Date: 03/17/2008 |
| 03/12/2008 | Proof of Service Method : Service Issued Issued : 02/19/2008 Service : Summons Issued Served : 03/07/2008 Return : 03/12/2008 On : MORTGAGE DISCOUNTERS, INC. Signed By : via Certified Mail Reason : Proof of Service Comment : Tracking #: 5000042554 |
| 03/12/2008 | Affidavit of Service of Summons & Complaint on MORTGAGE DISCOUNTERS, INC. (Defendant); |
| 03/12/2008 | Proof of Service Method : Service Issued Issued : 02/19/2008 Service : Summons Issued Served : 03/10/2008 Return : 03/12/2008 On : EQUITABLE MORTGAGE GROUP, INC. Signed By : via Certified Mail Reason : Proof of Service Comment : Tracking #: 5000042551 |
| 03/12/2008 | Affidavit of Service of Summons & Complaint on EQUITABLE MORTGAGE GROUP, INC. (Defendant); |
| 03/12/2008 | Proof of Service Method : Service Issued Issued : 02/19/2008 Service : Summons Issued Served : 03/10/2008 Return : 03/12/2008 On : MASON, WILLIAM Signed By : Reason : Proof of Service Comment : Tracking #: 5000042553 |
| 03/12/2008 | Affidavit of Service of Summons & Complaint on WILLIAM MASON (Defendant); |
| 03/10/2008 | Additional eFiling Document to Answer of Countrywide Home Loans, Inc Filed. submitted 03/10/2008 18:47. ksc Attorney: BIERBOWER, Mr MARK B (320861) |
| 03/10/2008 | Answer of Countrywide Home Loans, Inc Filed. submitted 03/10/2008 18:47. ksc Attorney: BIERBOWER, Mr MARK B (320861) COUNTRYWIDE HOME LOANS, INC. (Defendant); |
| 03/07/2008 | Alias Summons Reissued on MORTGAGE DISCOUNTERS, INC. (Defendant); Receipt: 97968 Date: 03/07/2008 |
| 02/28/2008 | Proof of Service Method : Service Issued Issued : 02/19/2008 Service : Summons Issued Served : 02/21/2008 Return : 02/28/2008 On : COUNTRYWIDE HOME LOANS, INC. Signed By : VIA CERTIFIED MAIL Reason : Proof of Service Comment : Tracking #: 5000042550 |
| 02/28/2008 | Affidavit of Service of Summons & Complaint on COUNTRYWIDE HOME LOANS, INC. (Defendant); |

| | |
|---|---|
| 02/28/2008 | Proof of Service Method : Service Issued Issued : 02/19/2008 Service : Summons Issued Served : 02/26/2008 Return : 02/28/2008 On : INDYMAC BANK, F.S.B. Signed By : VIA CERTIFIED MAIL Reason : Proof of Service Comment : Tracking #: 5000042552 |
| 02/28/2008 | Affidavit of Service of Summons & Complaint on INDYMAC BANK, F.S.B. (Defendant); |
| 02/28/2008 | Proof of Service Method : Service Issued Issued : 02/19/2008 Service : Summons Issued Served : 02/27/2008 Return : 02/28/2008 On : WASHINGTON MUTUAL BANK, F.S.B. Signed By : via Certified Mail Reason : Proof of Service Comment : Tracking #: 5000042555 |
| 02/28/2008 | Affidavit of Service of Summons & Complaint on WASHINGTON MUTUAL BANK, F.S.B. (Defendant); |
| 02/28/2008 | Proof of Service Method : Service Issued Issued : 02/19/2008 Service : Summons Issued Served : 02/15/2008 Return : 02/28/2008 On : WMC MORTGAGE CORPORATION Signed By : via Certified Mail Reason : Proof of Service Comment : Tracking #: 5000042556 |
| 02/28/2008 | Affidavit of Service of Summons & Complaint on WMC MORTGAGE CORPORATION (Defendant); |
| 02/19/2008 | Alias Summons on Equitable Mortgage Group, Inc. Issued. Attorney: ZUCKER, Mr JONATHAN S (384629) WILLIE LEE HOWARD (PLAINTIFF); Receipt: 96120 Date: 02/19/2008 |
| 02/19/2008 | Issue Date: 02/19/2008 Service: Summons Issued Method: Service Issued Cost Per: $ COUNTRYWIDE HOME LOANS, INC. 4500 Park Granada CALABASAS, CA 91302 Tracking No: 5000042550 EQUITABLE MORTGAGE GROUP, INC. 7305 Baltimore Avenue Suite 207 COLLEGE PARK, MD 20740 Tracking No: 5000042551 INDYMAC BANK, F.S.B. 888 East Walnut Street PASADENA, CA 91101 Tracking No: 5000042552 MASON, WILLIAM 7305 Baltimore Avenue Suite 207 COLLEGE PARK, MD 20740 Tracking No: 5000042553 MORTGAGE DISCOUNTERS, INC. 7535 Little River Turnpike ANNANDALE, VA 22203 Tracking No: 5000042554 WASHINGTON MUTUAL BANK, F.S.B. 1201 Third Avenue SEATTLE, WA 98101 Tracking No: 5000042555 WMC MORTGAGE CORPORATION 3100 Thorton Avenue BURBANK, CA 91504 Tracking No: 5000042556 |
| 02/15/2008 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 05/16/2008 Time: 9:00 am Judge: VINCENT, ODESSA F Location: Courtroom B-52 |
| 02/15/2008 | Complaint for Real Property Filed Attorney: ZUCKER, Mr JONATHAN S (384629) WILLIE LEE HOWARD (PLAINTIFF); Receipt: 95989 Date: 02/15/2008 |

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Willie Lee Howard | Countrywide Home Loans, Inc. et al. |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Dist. of Columbia | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Los Angeles |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY)  NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Jonathan Zucker<br>514 10th Street, NW<br>Washington, DC  20004<br>202-624-0784 | Michael N. Russo, Jr. # 424712<br>Michael S. Steadman, Jr.<br>Council, Baradel, Kosmerl & Nolan, PA<br>125 West St., 4th Floor<br>Annapolis, MD  21401<br>301-261-2247/410-268-6600 |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government
    Plaintiff

○ 2 U.S. Government
    Defendant

⦿ 3 Federal Question
    (U.S. Government Not a Party)

○ 4 Diversity
    (Indicate Citizenship of
    Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⦿ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⦿ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ○ A. *Antitrust* | ○ B. *Personal Injury/ Malpractice* | ○ C. *Administrative Agency Review* | ○ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| ⦿ E. *General Civil (Other)*  OR | | | ○ F. *Pro Se General Civil* | |
|---|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☒ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original
Proceeding
● 2 Removed
from State
Court
○ 3 Remanded from
Appellate Court
○ 4 Reinstated
or Reopened
○ 5 Transferred from
another district
(specify)
○ 6 Multi district
Litigation
○ 7 Appeal to
District Judge
from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Truth in Lending Act. 15 U.S.C. 1601 et seq.  Wrongdoing out of residential mortgage lending.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ Not specified JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☒   NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  03/25/08      SIGNATURE OF ATTORNEY OF RECORD

---

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.     RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_Willie L. Howard_
Plaintiff

v.

Civil Action No.    08 0510

MAR 2 5 2008

_Countrywide Home Loans, Inc._
Defendant    _et al_

    The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **LEON, J. RJL**. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

    Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

    Finally, your attention is called to Local Rule 16:3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _____
Deputy Clerk

cc: JEAN CONSTANTINE-DAVIS

929A
Rev. 7/02