IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIE LEE HOWARD,

      Plaintiff,

CASE NO.: 1:08-cv-00510-RJL

v.

COUNTRYWIDE HOME LOANS, INC.,
*et al.*,

      Defendant.

## WMC MORTGAGE CORPORATION'S ANSWER TO WILLIE LEE HOWARD'S VERIFIED COMPLAINT

Defendant WMC Mortgage Corporation ("WMC") hereby answers Plaintiff Willie Lee Howard's Verified Complaint. Except as expressly admitted herein, WMC denies all of the allegations in the Complaint. WMC answers the allegations in the numbered paragraphs of the Complaint as follows:

1. Where the factual allegations in this paragraph are directed to WMC, WMC denies these allegations. The remainder of the allegations in this paragraph state legal conclusions to which no response is required, or allegations directed at other defendants, to which WMC lacks sufficient information to admit or deny.

2. Where the factual allegations in this paragraph are directed to WMC, WMC denies these allegations. WMC lacks sufficient information to admit or deny factual allegations regarding Plaintiff Howard or other defendants, and therefore denies them.

3. The allegations in this paragraph state legal conclusions and opinions to which no response is required. To the extent that a response is required, WMC denies the allegations.

WMC lacks sufficient information to admit or deny factual allegations regarding defendant Countrywide.

4. The allegations in this paragraph state legal conclusions and descriptions of claims asserted against other defendants to which no response is required. To the extent that a response is required, WMC states that the Complaint speaks for itself and that WMC lacks sufficient information to admit or deny factual allegations regarding other defendants.

## JURISDICTION

5. The allegation in this paragraph states a legal conclusion to which no response is required. To the extent that a response is required, WMC denies the allegations in this paragraph.

## PARTIES

6. WMC admits the allegations in this paragraph on information and belief.

7. The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

8. On information and belief, WMC admits that Mortgage Discounters, Inc., d/b/a Premier Funding was licensed in the District of Columbia and had an office in Annandale, Virginia. WMC lacks sufficient information to admit or deny the remaining factual allegations in this paragraph.

9. The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

10. The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

11. The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

12. The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

13. WMC admits that it is located at 3100 Thornton Avenue, Burbank, CA 91504. WMC denies the remainder of the factual allegations in this paragraph.

14. WMC lacks sufficient information to admit or deny the allegations in this paragraph.

## FACTS

15. WMC lacks sufficient information to admit or deny factual allegations in this paragraph.

16. WMC lacks sufficient information to admit or deny factual allegations in this paragraph.

17. WMC lacks sufficient information to admit or deny factual allegations in this paragraph.

18. WMC admits, on information and belief, that Plaintiff Howard was employed as a foreman at Newnan Enterprises at the time he entered the WMC loan agreement. WMC lacks sufficient information to admit or deny the remaining factual allegations in this paragraph.

19. WMC lacks sufficient information to admit or deny factual allegations in this paragraph.

20. WMC lacks sufficient information to admit or deny factual allegations in this paragraph.

21. WMC lacks sufficient information to admit or deny factual allegations in this paragraph.

22. WMC lacks sufficient information to admit or deny factual allegations in this paragraph.

23. WMC lacks sufficient information to admit or deny factual allegations in this paragraph.

24. WMC lacks sufficient information to admit or deny factual allegations in this paragraph to the extent that they are directed at other defendants. WMC denies that it solicited Plaintiff Howard by phone.

25. WMC lacks sufficient information to admit or deny factual allegations in this paragraph. WMC specifically denies that it dealt in person with Mr. Howard prior to the closing of his loan with WMC and that it was informed that Plaintiff Howard cannot read.

## SUMMARY OF LOAN TERMS

This compilation of data is summary in nature and purports to characterize multiple loan documents. Where this compilation contains allegations directed at other defendants, WMC lacks sufficient information to admit or deny the accuracy of the data presented. WMC admits that it loaned Plaintiff Howard $151,500.00 and that no yield spread premium was paid in connection with his WMC loan. WMC admits that it charged Plaintiff Howard $597 as an administrative fee. WMC affirmatively states that it did not charge Plaintiff Howard any additional costs and that Plaintiff Howard received $5,007.72 in cash at the time his WMC loan closed. WMC denies the remainder of the allegations regarding WMC contained in this compilation.

*June 2005 Refinance:  WMC Mortgage*

26.     The factual allegations in this paragraph pertain to Plaintiff Howard, other defendants, or third parties and WMC lacks sufficient information to admit or deny them.

27.     WMC lacks sufficient information to admit or deny factual allegations regarding Plaintiff Howard.  To the extent that this paragraph alleges that Plaintiff Howard provided documentation of his income and assets to WMC through his mortgage broker, WMC admits that allegation.  Further answering, WMC admits that its loan to Plaintiff Howard closed in Greenbelt, Maryland.

28.     This paragraph contains opinions to which no response is required.  To the extent that a response is required, WMC denies that it promised Plaintiff Howard or his broker a fixed rate product and denies that Plaintiff Howard applied for a fixed rate mortgage.  WMC admits that it extended a 30 year, adjustable rate mortgage to Plaintiff Howard in the amount of $151,500.00, with a 5 year interest only provision.  WMC denies the remaining allegations in this paragraph.

29.     This allegation contains statements of opinion to which no response is required.  WMC denies that Plaintiff Howard's monthly payment was $741 and affirmatively states that the monthly payment was $741.72.  WMC admits that the mortgage included a prepayment penalty if the loan was repaid within two years after its origination.  The prepayment penalty was fully disclosed to Plaintiff Howard.  WMC denies the remaining allegations in this paragraph.

*December 7, 2005 Refinance: IndyMac*

30.     The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

5

31. The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

32. The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them. To the extent that allegations in this paragraph concern WMC, it lacks sufficient information to admit or deny those allegations.

33. The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

34. The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

35. The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

36. The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

37. The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

*May 26, 2006 Refinance:  AMPRO/WaMu*

38. The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

39. The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

40. The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

41.  The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

42.  The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

43.  The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

44.  The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

*October 26, 2006 Refinance:  Countrywide*

45.  The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

46.  The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

47.  The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

48.  The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

49.  The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

50.  The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

51.  The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

52. The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

53. The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

54. The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

55. The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them.

56. The allegations in this paragraph concern other defendants and therefore WMC lacks sufficient information to admit or deny them. To the extent that the allegations are directed to WMC, WMC admits that Plaintiff Howard's loan was sold to an investor, and denies the remaining allegations in the paragraph.

57. This allegation expresses opinion and legal conclusions to which no response is required. To the extent that a response is required, WMC admits that it extended a mortgage to Plaintiff Howard based on Plaintiff Howard's documentation and WMC's underwriting guidelines. WMC denies that it paid incentives to the broker for the loan it issued to Plaintiff Howard. WMC denies the remaining allegations in this paragraph.

## COUNT I

58. WMC realleges and incorporates by reference its responses in all paragraphs above.

59. The allegations in this paragraph state a conclusion of law to which no response is required. To the extent that a response is required, WMC denies the allegations in this paragraph.

8

60. The allegation in this paragraph states a legal conclusion to which no response is required. To the extent that a response is required, WMC denies the allegations in this paragraph.

61. The allegation in this paragraph states a legal conclusion to which no response is required. To the extent that a response is required, WMC denies the allegations in this paragraph.

62. The allegations in this paragraph concern other defendants or third parties and WMC lacks sufficient information to admit or deny them.

63. WMC denies the allegations in this paragraph.

64. The allegations in this paragraph concern other defendants or third parties and WMC lacks sufficient information to admit or deny them.

65. The allegations in this paragraph concern other defendants or third parties and WMC lacks sufficient information to admit or deny them.

## COUNT II

66. WMC realleges and incorporates by reference its responses in all paragraphs above.

67. To the extent that the allegations in this paragraph concern other defendants or third parties, WMC lacks sufficient information to admit or deny them. To the extent that the allegations are directed to WMC, WMC denies that it violated D.C. Code § 28-3904(r). WMC affirmatively states that Plaintiff Howard repaid his loan to WMC in full. The remainder of this paragraph expresses opinion and legal conclusions to which no response is required. To the extent that any response is required, WMC denies the remaining allegations in this paragraph.

68.     To the extent that the allegations in this paragraph concern other defendants or third parties, WMC lacks sufficient information to admit or deny them.  To the extent that the allegations are directed to WMC, WMC denies that it violated D.C. Code § 28-3904(a), (e) or (f).  WMC specifically denies that it extended a payment option ARM to Plaintiff Howard.  The remainder of this paragraph expresses opinion and legal conclusions to which no response is required.  To the extent that a response is required, WMC denies the remaining allegations in this paragraph.

69.     To the extent that the allegations in this paragraph concern other defendants, WMC lacks sufficient information to admit or deny them.  To the extent that the allegations are directed to WMC, WMC denies the allegations.

## COUNT IV[1]

70.     WMC realleges and incorporates by reference its responses in all paragraphs above.

71.     The allegations in this paragraph concern other defendants or third parties and WMC lacks sufficient information to admit or deny them.

72.     The allegations in this paragraph concern other defendants or third parties and WMC lacks sufficient information to admit or deny them.

73.     The allegations in this paragraph concern other defendants or third parties and WMC lacks sufficient information to admit or deny them.

74.     This allegation states a legal conclusion to which no response is required.  To the extent that a response is required, WMC denies the allegations in this paragraph.

---

[1] The original Verified Complaint does not contain a Count III.

LIBW/1673158.3

75. The allegations in this paragraph concern other defendants or third parties and WMC lacks sufficient information to admit or deny them.

76. The allegations in this paragraph concern other defendants or third parties and WMC lacks sufficient information to admit or deny them.

77. The allegations in this paragraph concern other defendants or third parties and WMC lacks sufficient information to admit or deny them.

78. This allegation states a legal conclusion to which no response is required. To the extent that a response is required, WMC denies the allegations in this paragraph.

79. The allegations in this paragraph concern other defendants or third parties and WMC lacks sufficient information to admit or deny them.

## COUNT V

80. WMC realleges and incorporates by reference its responses in all paragraphs above.

81. The allegations in this paragraph concern other defendants or third parties and WMC lacks sufficient information to admit or deny them.

## COUNT VI

82. WMC realleges and incorporates by reference its responses in all paragraphs above.

83. The allegations in this paragraph concern other defendants or third parties and WMC lacks sufficient information to admit or deny them.

84. The allegations in this paragraph concern other defendants or third parties and WMC lacks sufficient information to admit or deny them.

## COUNT VII

85. WMC realleges and incorporates by reference its responses in all paragraphs above.

86. WMC denies the allegations in this paragraph, and specifically denies that it is responsible for the actions of third parties over which it had no control.

87. WMC denies the allegations in this paragraph.

## COUNT VIII

88. WMC realleges and incorporates by reference its responses in all paragraphs above.

89. The allegations in this paragraph concern other defendants or third parties and WMC lacks sufficient information to admit or deny them.

90. The allegations in this paragraph concern other defendants or third parties and WMC lacks sufficient information to admit or deny them.

## PRAYER FOR RELIEF

WMC specifically denies that:

    a. actual damages are appropriate;

    b. treble damages are appropriate;

    c. punitive damages are appropriate;

    d. attorneys' fees are appropriate;

    e. reasonable costs are appropriate.

WMC lacks sufficient information to admit or deny allegations regarding any relief to which Plaintiff Howard may be entitled from other defendants or third parties.

WMC specifically denies that any other relief is appropriate against WMC.

12

## WMC MORTGAGE CORPORATION'S AFFIRMATIVE DEFENSES

Defendant WMC Mortgage Corporation ("WMC") states the following affirmative defenses to Plaintiff Willie Lee Howard's Verified Complaint:

### *First Affirmative Defense*

The Complaint fails to state a claim against WMC upon which the Court may grant relief.

### *Second Affirmative Defense*

Applicable statutes of limitations bar some or all claims in the Complaint.

### *Third Affirmative Defense*

The doctrines of laches bars some or all of Plaintiff Howard's claims, in that he delayed in bringing any claims after agreeing to perform and fully performing under the terms of his agreement with WMC.

### *Fourth Affirmative Defense*

Plaintiff Howard's claims are barred, in whole or in part, by the doctrines of voluntary payment and satisfaction.

### *Fifth Affirmative Defense*

The doctrines of accord and satisfaction, compromise and release, or novation bar some or all claims.

### *Sixth Affirmative Defense*

Plaintiff Howard's claims against WMC are barred to the extent they are based on or resulted in damages caused by the acts and omissions of third parties over whom WMC has no control or right of control.

### *Sixth Affirmative Defense*

Plaintiff Howard fails to allege, and in fact suffered no actual damages as a result of any act or omission by WMC.

### Seventh Affirmative Defense

Plaintiff Howard's state law claims are preempted, in whole or in part, by federal statutory, regulatory, or common law, including but not limited to the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*

### Eighth Affirmative Defense

The doctrines of waiver and estoppel bar Plaintiff Howard's claims because he accepted the benefits of his agreement with WMC.

### Ninth Affirmative Defense

Plaintiff Howard's claims are barred, in whole or in part, because WMC has fully performed, satisfied, and/or discharged all of its obligations under the agreement between Plaintiff Howard and WMC.

### Tenth Affirmative Defense

Plaintiff Howard's claims are barred because he did not rely upon, or have the right to reasonably rely upon, any alleged written or oral statement from WMC.

### Eleventh Affirmative Defense

Plaintiff Howard's claim for punitive damages is barred because none of WMC's alleged acts or omissions were malicious, willful, wanton, reckless, or grossly negligent.

### Twelfth Affirmative Defense

Plaintiff Howard's claim for punitive damages violates the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution because: a) the standards and procedures for determining and reviewing such awards under applicable law do not ensure a

meaningful individualized assessment of appropriate deterrence and retribution; b) the D.C. Consumer Protection Procedures Act ("CPPA") and applicable case law impose no realistic standards or limits on the amount of damages that may be awarded and do not require, as they must, that the amount of punitive damages relate to the amount of actual damages that may be awarded; and c) the vague standards employed in such cases result in disparate results among similar defendants accused of similar conduct.

### Thirteenth Affirmative Defense

Plaintiff Howard cannot recover punitive damages because such an award in this case would violate the due process clause of the Fourteenth Amendment of the United States Constitution as set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (2003).

### Fourteenth Affirmative Defense

Plaintiff Howard's claims are barred because he failed to comply with the "Notice of Grievance" provision in paragraph 20 of his loan agreement before commencing this action.

### Fifteenth Affirmative Defense

WMC adopts by reference any applicable defense not set forth above pleaded by any of the other defendants in this case.

### Sixteenth Affirmative Defense

WMC expressly reserves the right to raise additional affirmative defenses that may become known as available through the course of this litigation.

WHEREFORE, WMC requests that the Court enter judgment in its favor and against Plaintiff Howard on all claims against WMC, and that WMC be awarded its costs, including its reasonable attorneys' fees, and for such other relief as the Court deems just and appropriate.

Dated:  March 28, 2008                                  Respectfully submitted,


     /s/  David L. Permut                  
David L. Permut
D.C. Bar No. 463729
Sabrina Rose-Smith
D.C. Bar No. 494578
Goodwin|Procter LLP
901 New York Avenue, NW
Washington, DC 20001
202.346.4182 (t)
202.346.4444 (f)

*Counsel for Defendant WMC Mortgage Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing **ANSWER TO WILLIE LEE HOWARD'S VERIFIED COMPLAINT** was served via the Court's electronic filing and notification system, where possible, and otherwise by first class mail, postage prepaid, on March 28, 2008, on the following:

Michael N. Russo, Jr., Esq.
Michael S. Steadman, Esq.
**Council, Baradel, Kosmerl & Nolan, P.A.**
125 West Street, 4th Floor
P.O. Box 2289
Annapolis, MD 21404-2289

Jonathan Zucker
514 10th Street, N.W.
Washington, DC 20004

Equitable Mortgage Group, Inc.
7305 Baltimore Avenue
Suite 207
College Park, Maryland 20740

William Mason
7305 Baltimore Avenue
Suite 207
College Park, Maryland 20740

Mortgage Discounters, Inc. d/b/a
Premier Funding Group
7535 Little River Turnpike
Annandale, VA 22203

Mark B. Bierbower, Esq.
**Hunton & Williams, LLP**
1900 K street, N.W.
Washington, DC 20006

IndyMac Bank, F.S.B.
888 East Walnut Street
Pasadena, CA 19901

                                          /s/ Sabrina Rose-Smith
                                             Sabrina Rose-Smith