**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

WILLIE LEE HOWARD    :

  Plaintiff       :   Case No. 08-0510 RJL

v.            :

COUNTRYWIDE HOME    :
LOANS, INC., et al.

            :

  Defendants

...oooOooo...

**ANSWER OF EQUITABLE MORTGAGE
GROUP, INC. AND WILLIAM MASON**

   Defendants, Equitable Mortgage Group, Inc. and William Mason (hereinafter "Defendants"), by and through undersigned counsel, answer the Complaint filed by Plaintiff, and state:

I.

   The Complaint fails to state a claim upon which relief can be granted.

II.

   Defendants, Equitable Mortgage Group, Inc. and William Mason, generally deny any liability for the claims set forth in the Complaint.

III.

   As to the individually numbered paragraphs of the Complaint:

   1.  Defendants deny the allegations in paragraph 1.

   2.  Defendants are without sufficient information to admit or deny the allegation in paragraph 2 relating to Mr. Howard's age.  Defendants deny the remaining allegations of paragraph 2.

3.    To the extent that allegations contained in paragraph 3 are conclusions of law, no responsive pleading is required under the Federal Rules of Civil Procedure. To the extent a response is required, Defendants deny the allegations in paragraph 3.

4.    No responsive pleading is required with regard to paragraph 4 in that the allegations in paragraph 4 are directed against parties other than the Defendants. To the extent a response is required, Defendants deny the allegations in paragraph 4.

Jurisdiction

5.    Defendants make no response to the legal characterizations of paragraph 5. To the extent a specific admission or denial is required, Defendants deny all allegations in paragraph 5.

Parties

6.    Defendants are without sufficient information to admit or deny the allegations in paragraph 6 and therefore deny same.

7.    Defendants are without sufficient information to admit or deny the allegations in paragraph 7 and therefore deny same.

8.    Defendants are without sufficient information to admit or deny the allegations in paragraph 8 and therefore deny same.

9.    Defendants admit the allegations in paragraph 9.

10.    Defendants are without sufficient information to admit or deny the allegations in paragraph 10 and therefore deny same.

11.    Defendants are without sufficient information to admit or deny the allegations in paragraph 11 and therefore deny same.

12.    Defendants admit the allegations in paragraph 12.

13.    Defendants are without sufficient information to admit or deny the allegations in paragraph 13 and therefore deny same.

14.    Defendants are without sufficient information to admit or deny the allegations in paragraph 14 and therefore deny same.

<u>Facts</u>

15.    Defendants are without sufficient information to admit or deny the allegations in paragraph 15 and therefore deny same.

16.    Defendants are without sufficient information to admit or deny the allegations in paragraph 16 relating to Mr. Howard's family and hometown. Defendants deny the remaining allegations of paragraph 16, including the allegation that that Mr. Howard is unable to read or write.

17.    Defendants are without sufficient information to admit or deny the allegations in paragraph 17 and therefore deny same.

18.    Defendants are without sufficient information to admit or deny the allegations in paragraph 18 and therefore deny same.

19.    Defendants are without sufficient information to admit or deny the allegations in paragraph 19 and therefore deny same.

20.    Defendants are without sufficient information to admit or deny the allegations in paragraph 20 and therefore deny same.

21.    Defendants are without sufficient information to admit or deny the allegations in paragraph 21 and therefore deny same.

22.    Defendants are without sufficient information to admit or deny the allegations in paragraph 22 and therefore deny same.

23.    Defendants are without sufficient information to admit or deny the allegations in paragraph 23 and therefore deny same.

24.    Defendants deny the allegations in paragraph 24.  By way of further response, neither Equitable Mortgage Group, Inc. nor William Mason is associated with or otherwise has "ties" to Premier Funding Group.  Defendants further deny that Equitable Mortgage Group, Inc. "initiated three of the four refinances" of Mr. Howard. To the contrary, Defendants were only involved in one of the referenced refinances. Furthermore, Mr. Howard repeatedly contacted Equitable Mortgage Group, Inc. seeking refinancing of his mortgage.

*June 2005 Refinance: WMC Mortgage*

25.    Defendants deny the allegations in paragraph 25.

26.    The allegations of paragraph 26 involve a transaction concerning parties other than the Defendants.  Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 26 and therefore deny same.

27.    The allegations of paragraph 27 involve a transaction concerning parties other than the Defendants.  Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 27 and therefore deny same.

28.    The allegations of paragraph 28 involve a transaction concerning parties other than the Defendants.  Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 28 and therefore deny same.

29.    The allegations of paragraph 29 involve a transaction concerning parties other than the Defendants.  Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 29 and therefore deny same.

*December 7, 2005 Refinance: IndyMac*

30.     Defendants deny the allegations of paragraph 30.  By way of further response, Mr. Howard repeatedly contacted Equitable Mortgage Group, Inc. seeking to refinance his mortgage.

31.     Defendants admit an employee of Equitable Mortgage Group, Inc. went to Mr. Howard's home.  Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 31 and therefore deny same.

32.     Defendants admit Mr. Howard settled a loan at Equitable Mortgage Group's office on or about December 7, 2005 and that the lender on the loan was IndyMac Bank.  Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 32 and therefore deny same.

33.     Defendants admit Equitable Mortgage Group, Inc. was paid a yield spread premium.  Defendants deny the remaining allegations of paragraph 33.

34.     Defendants are without sufficient information to admit or deny the allegations in paragraph 34 and therefore deny same.

35.     Defendants are without sufficient information to admit or deny the allegations in paragraph 35 and therefore deny same.

36.     Defendants admit the allegations of paragraph 36.

37.     Defendants admit Mr. Howard was provided a Truth in Lending Disclosure Statement.  Defendants deny the remaining allegations of paragraph 37.

*May 26, 2006 Refinance: AMPRO/WaMu*

38.    The allegations of paragraph 38 involve a transaction concerning parties other than the Defendants. Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 38 and therefore deny same.

39.    The allegations of paragraph 39 involve a transaction concerning parties other than the Defendants. Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 39 and therefore deny same.

40.    The allegations of paragraph 40 involve a transaction concerning parties other than the Defendants. Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 40 and therefore deny same.

41.    The allegations of paragraph 41 involve a transaction concerning parties other than the Defendants. Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 41 and therefore deny same.

42.    The allegations of paragraph 42 involve a transaction concerning parties other than the Defendants. Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 42 and therefore deny same.

43.    The allegations of paragraph 43 involve a transaction concerning parties other than the Defendants. Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 43 and therefore deny same.

44.    The allegations of paragraph 44 involve a transaction concerning parties other than the Defendants. Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 44 and therefore deny same.

*October 26, 2006 Refinance: Countrywide*

45.    The allegations of paragraph 45 involve a transaction concerning parties other than the Defendants. Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 45 and therefore deny same.

46.    The allegations of paragraph 46 involve a transaction concerning parties other than the Defendants. Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 46 and therefore deny same.

47.    The allegations of paragraph 47 involve a transaction concerning parties other than the Defendants. Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 47 and therefore deny same.

48.    The allegations of paragraph 48 involve a transaction concerning parties other than the Defendants. Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 48 and therefore deny same.

49.    The allegations of paragraph 49 involve a transaction concerning parties other than the Defendants. Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 49 and therefore deny same.

50.    The allegations of paragraph 50 involve a transaction concerning parties other than the Defendants. Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 50 and therefore deny same.

51.    The allegations of paragraph 51 involve a transaction concerning parties other than the Defendants. Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 51 and therefore deny same.

52.    The allegations of paragraph 52 involve a transaction concerning parties other than the Defendants.  Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 52 and therefore deny same.

53.    The allegations of paragraph 53 involve a transaction concerning parties other than the Defendants.  Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 53 and therefore deny same.

54.    The allegations of paragraph 54 involve a transaction concerning parties other than the Defendants.  Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 54 and therefore deny same.

55.    The allegations of paragraph 55 involve a transaction concerning parties other than the Defendants.  Thus, Defendants are without sufficient information to admit or deny the allegations in paragraph 55 and therefore deny same.

*Origination and Assignment of Mr. Howard's Mortgages*

56.    Defendants are without sufficient information to admit or deny the allegations in paragraph 56 and therefore deny same.

57.    Defendants deny that the December 7, 2007 mortgage was "complex, unaffordable and unconscionable."  Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 57 and therefore deny same.

<u>Count I</u>

58.    Defendants reassert and incorporate by reference each response to paragraphs 1-57 as if set forth herein.

59.    The allegations of paragraph 59 involve parties other than Defendants. Thus, no response is required.  Moreover, Defendants make no response to the legal

characterizations of paragraph 59. To the extent a response is required, Defendants deny the allegations of paragraph 59.

60.    The allegations of paragraph 60 involve parties other than Defendants. Thus, no response is required. Moreover, Defendants make no response to the legal characterizations of paragraph 60. To the extent a response is required, Defendants deny the allegations of paragraph 60.

61.    The allegations of paragraph 61 involve parties other than Defendants. Thus, no response is required. Moreover, Defendants make no response to the legal characterizations of paragraph 61. To the extent a response is required, Defendants deny the allegations of paragraph 61. Defendants further deny Plaintiff is entitled to the relief requested.

62.    The allegations of paragraph 62 involve parties other than Defendants. Thus, no response is required. Moreover, Defendants make no response to the legal characterizations of paragraph 62. To the extent a response is required, Defendants deny the allegations of paragraph 62.

63.    The allegations of paragraph 63 involve parties other than Defendants. Thus, no response is required. Moreover, Defendants make no response to the legal characterizations of paragraph 63. To the extent a response is required, Defendants deny the allegations of paragraph 63.

64.    The allegations of paragraph 64 involve parties other than Defendants. Thus, no response is required. Moreover, Defendants make no response to the legal characterizations of paragraph 64. To the extent a response is required, Defendants deny the allegations of paragraph 64.

65.    The allegations of paragraph 65 involve parties other than Defendants. Thus, no response is required.  Moreover, Defendants make no response to the legal characterizations of paragraph 65.  To the extent a response is required, Defendants deny the allegations of paragraph 65.

Count II

66.    Defendants reassert and incorporate by reference each response to paragraphs 1-65 as if set forth herein.

67.    Defendants make no response to the legal characterizations of paragraph 67.  To the extent a response is required, Defendants deny the allegations of paragraph 67.

68.    Defendants make no response to the legal characterizations of paragraph 68.  To the extent a response is required, Defendants deny the allegations of paragraph 68.

69.    Defendants make no response to the legal characterizations of paragraph 69.  To the extent a response is required, Defendants deny the allegations of paragraph 69. Defendants further deny Plaintiff is entitled to the requested relief.

Count IV[1]

70.    Defendants reassert and incorporate by reference each response to paragraphs 1-69 as if set forth herein.

71.    The allegations of paragraph 71 involve parties other than Defendants. Thus, no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 71.

---

[1]    The Complaint does not contain a "Count III."

72.    The allegations of paragraph 72 involve parties other than Defendants. Thus, no response is required.  Moreover, Defendants make no response to the legal characterizations of paragraph 72.  To the extent a response is required, Defendants deny the allegations of paragraph 72.

73.    The allegations of paragraph 73 involve parties other than Defendants. Thus, no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 73.

74.    The allegations of paragraph 74 involve parties other than Defendants. Thus, no response is required.  Moreover, Defendants make no response to the legal characterizations of paragraph 74.  To the extent a response is required, Defendants deny the allegations of paragraph 74.

75.    The allegations of paragraph 75 involve parties other than Defendants. Thus, no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 75.

76.    The allegations of paragraph 76 involve parties other than Defendants. Thus, no response is required.  Moreover, Defendants make no response to the legal characterizations of paragraph 76.  To the extent a response is required, Defendants deny the allegations of paragraph 76.

77.    The allegations of paragraph 77 involve parties other than Defendants. Thus, no response is required.  Moreover, Defendants make no response to the legal characterizations of paragraph 77.  To the extent a response is required, Defendants deny the allegations of paragraph 77.

78.    The allegations of paragraph 78 involve parties other than Defendants. Thus, no response is required.  Moreover, Defendants make no response to the legal characterizations of paragraph 78.  To the extent a response is required, Defendants deny the allegations of paragraph 78.

79.    The allegations of paragraph 79 involve parties other than Defendants. Thus, no response is required.  Moreover, Defendants make no response to the legal characterizations of paragraph 79.  To the extent a response is required, Defendants deny the allegations of paragraph 79.  Defendants further deny Plaintiff is entitled to the requested relief.

### Count V

80.    Defendants reassert and incorporate by reference each response to paragraphs 1-79 as if set forth herein.

81.    The allegations of paragraph 81 involve parties other than Defendants. Thus, no response is required.  Moreover, Defendants make no response to the legal characterizations of paragraph 81.  To the extent a response is required, Defendants deny the allegations of paragraph 81.  Defendants further deny Plaintiff is entitled to the requested relief.

### Count VI

82.    Defendants reassert and incorporate by reference each response to paragraphs 1-81 as if set forth herein.

83.    The allegations of paragraph 83 involve parties other than Defendants. Thus, no response is required.  Moreover, Defendants make no response to the legal

characterizations of paragraph 83. To the extent a response is required, Defendants deny the allegations of paragraph 83.

84.    The allegations of paragraph 84 involve parties other than Defendants. Thus, no response is required. Moreover, Defendants make no response to the legal characterizations of paragraph 84. To the extent a response is required, Defendants deny the allegations of paragraph 84. Defendants further deny Plaintiff is entitled to the relief requested.

Count VII

85.    Defendants reassert and incorporate by reference each response to paragraphs 1-84 as if set forth herein.

86.    The allegations of paragraph 86 involve parties other than Defendants. Thus, no response is required. Moreover, Defendants make no response to the legal characterizations of paragraph 86. To the extent a response is required, Defendants deny the allegations of paragraph 86.

87.    The allegations of paragraph 87 involve parties other than Defendants. Thus, no response is required. Moreover, Defendants make no response to the legal characterizations of paragraph 87. To the extent a response is required, Defendants deny the allegations of paragraph 87. Defendants further deny Plaintiff is entitled to the relief requested.

Count VIII

88.    Defendants reassert and incorporate by reference each response to paragraphs 1-87 as if set forth herein.

89.    The allegations of paragraph 89 involve parties other than Defendants. Thus, no response is required.  Moreover, Defendants make no response to the legal characterizations of paragraph 89.  To the extent a response is required, Defendants deny the allegations of paragraph 89.

90.    The allegations of paragraph 90 involve parties other than Defendants. Thus, no response is required.  Moreover, Defendants make no response to the legal characterizations of paragraph 90.  To the extent a response is required, Defendants deny the allegations of paragraph 90.  Defendants further deny Plaintiff is entitled to the relief requested.

WHEREFORE, Defendants, Equitable Mortgage Group, Inc. and William Mason, hereby demand judgment in their favor against Plaintiff and for any other additional relief as this Court deems appropriate.

IV.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has not stated a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The relief sought by Plaintiff is unavailable under applicable court rules.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for monetary damages lack supporting fact and should be dismissed.

14

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has not stated a claim for which relief can be granted against the Defendants because any damages that have allegedly been suffered by Plaintiff were not caused by any of the alleged actions of Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of release.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff failed to mitigate his damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join necessary parties to this action.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are preempted, in whole or in part, by federal law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendants hereby give notice that they intends to rely on such other affirmative defenses as may become available or apparent during the course of discovery and thus reserve the right to amend their Answer to assert such defenses.

WHEREFORE, Defendants, Equitable Mortgage Group, Inc. and William Mason, respectfully request that this Honorable Court enter judgment in their favor and against Plaintiff on all counts, and grant Defendants such other and further relief as may be just and proper.

Respectfully submitted:

Dated: April 1, 2008

/s/ Harry Levy
Harry Levy, #389060
Shumaker Williams, P.C.
40 West Chesapeake Avenue, Suite 605
Towson, Maryland 21204
Phone: 410-825-5223
Facsimile: 410-825-5426
Email: Levy@shumakerwilliams.com
Attorney for Defendants, Equitable
Mortgage Group, Inc. and William Mason

## CERTIFICATE OF SERVICE

      I, Harry Levy, Esquire, of the law firm of Shumaker Williams, P.C., hereby certify that I electronically filed the foregoing Answer to Complaint with the Clerk of the District Court for the District of Columbia via the CM/ECF system, thereby serving:

      Jonathan S. Zucker, Esquire
514 10th Street, NW, 9th Floor
Washington, DC 20004
Attorney for Plaintiff

      Mark B. Bierbower, Esquire
Hunton & Williams LLP
1900 K Street, NW, Suite 1200
Washington, DC 20006
Attorney for Defendant, Countrywide Home Loans, Inc.

      Michael N. Russo, Esquire
Council, Baradel, Kosmerl & Nolan, P.A.
125 West Street, 4th Floor
Annapolis, Maryland 21404-2289
Attorney for Defendant, Washington Mutual Bank

      Daniel M. Press, Esquire
Chung & Press, P.C.
6718 Whittier Avenue, Suite 200
McLean, Virginia 22101
Attorney for Defendant, Mortgage Discounters, Inc.

      David L. Permut, Esquire
Sabrina Rose-Smith
Goodwin Procter, LLP
901 New York Avenue, NW
Washington, DC 20001
Attorneys for Defendant, WMC Mortgage Corporation

      I further certify a copy of the Answer to Complaint was sent via first class mail, postage prepaid, to the following:

      IndyMac Bank, F.S.B.
888 East Walnut Street
Pasadena, California 19901

Dated: April 1, 2008                       */s/ Harry Levy*
                                     Harry Levy

:209444