UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIE LEE HOWARD                                )<br>227 34th Street, N.E.                                 )<br>Washington, DC 20019                            )<br>                                                                  )<br>          Plaintiff,                                            )<br>                                                                  )<br>     v.                                                          )         Civil Case No. 08cv00510 (RJL)<br>                                                                  )<br>COUNTRYWIDE HOME LOANS, INC.    )<br>4500 Park Granada                                   )<br>Calabasas, CA 91302                               )<br>                                                                  )<br>EQUITABLE MORTGAGE GROUP, INC. )<br>7305 Baltimore Avenue, Suite 207            )<br>College Park, MD 20740                          )<br>                                                                  )<br>INDYMAC BANK, F.S.B.                          )<br>888 East Walnut Street                            )<br>Pasadena, CA 19901                                )<br>                                                                  )<br>WILLIAM MASON                                   )<br>7305 Baltimore Avenue, Suite 207            )<br>College Park, MD 20740                          )<br>                                                                  )<br>MORTGAGE DISCOUNTERS, INC.         )<br>D/B/A PREMIER FUNDING GROUP         )<br>7535 Little River Turnpike                        )<br>Annandale, VA 22203                              )<br>                                                                  )<br>WASHINGTON MUTUAL BANK, F.S.B. )<br>1201 Third Avenue                                   )<br>Seattle, WA 98101                                    )<br>                                                                  )<br>WMC MORTGAGE CORPORATION         )<br>3100 Thornton Avenue                              )<br>Burbank, CA 91504                                  )<br>                                                                  )<br>UNKNOWN DEFENDANT ASSIGNEES, )<br>                                                                  )<br>          Defendants.                                        )<br> | |

# CASE MANAGEMENT ORDER

April 1, 2008

This case has been assigned to the calendar of Judge Richard Leon.  The plaintiff shall immediately serve this Order on all parties, including any new parties to the action.  If this case came to the Court by a Petition for Removal, the removing defendant(s) shall serve this order on all other parties.

Upon the Court's motion, it is hereby

**ORDERED** that within 30 days of all defendants answering the complaint or filing other motions under Rule 12(b) of the Federal Rules of Civil Procedure, or within 30 days of the issuance of this order if an answer or Rule 12(b) motion has already been filed, the parties shall confer pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3.[1]  No later than fourteen days following that meeting, counsel shall submit: (1) their Joint Meet and Confer Statement addressing all topics listed in Local Civil Rule 16.3(c); and (2) a proposed scheduling order(s) in accordance with Rule 16.3(d).  Counsel are also directed to include in their Joint Meet and Confer Statement a one-page statement of the facts of the case and the statutory basis for all causes of action and defenses.  Once the Joint Meet and Confer Statement has been filed, the Court will schedule an initial status conference; and it is further

---

[1] The May 17, 2001 amendment to Local Civil Rule 16.3 sets forth additional categories of proceedings that are exempted from this Rule's meet and confer requirements.  If counsel's proceeding is exempt from the local rule's requirements, counsel for both parties shall jointly prepare and submit a statement to the Court indicating whether they believe the matter will be resolved solely through the filing of dispositive motions and proposing a scheduling timeline for the filing of such motions to the Court.  Counsel shall also indicate whether or not they believe an appearance before the Court will be necessary prior to resolution of the dispositive motions.

**ORDERED** that all counsel must familiarize themselves with the Federal Rules of Civil Procedure, particularly Federal Rules of Civil Procedure 16 and 26, and the Local Rules of the District of Columbia, "to secure the just, speedy, and inexpensive determination of [this] action," Fed. R. Civ. P. 1;[2] and it is further

**ORDERED** that parties comply with the following chambers practices and policies:

1. **Courtroom Proceedings**: All courtroom proceedings, unless otherwise indicated, will be conducted in Courtroom 18 on the sixth floor of the E. Barrett Prettyman United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001.  Non-courtroom conferences and meetings will be held in Judge Leon's chambers unless otherwise specified.

2. **Communications with Chambers:**  Counsel shall not contact the Court or its chambers regarding non-emergency matters by telephone, facsimile, letter, or by any other means.  Chambers may not provide legal advice or comment on the status of any pending motions.  Counsel may contact the Courtroom Deputy Clerk regarding emergency scheduling matters.

3. **Proposed Orders**: All motions, whether filed through the Electronic Filing System (ECF) or otherwise, must be accompanied by a proposed order setting forth the relief or action sought.  Under no circumstances shall the signature line appear alone on a page of the proposed order.

4. **Rescheduling Court Proceedings:**  Requests for continuances of court proceedings are strongly discouraged because of the inconvenience they cause to the Court.  If counsel seeks to change a previously scheduled hearing date, counsel is directed to submit a

---

[2] The Local Civil Rules are available at "http:\\www.dcd.uscourts.gov".

<u>written motion</u> at least four days prior to the proceeding.  In the event of an emergency, the four-day rule will be waived but counsel must still file a written motion in support of their request.  The written motion must:

    a.    demonstrate good cause for the continuance;

    b.     state the opposing party's position on the continuance; and

    c.    propose at least three alternative dates and times that would be convenient for <u>all</u> parties in the case.  If counsel's suggested dates and times are not available on the Court's calendar, an alternative of the Court's choosing will be selected.

5.    **Court Appearances by Counsel:** An attorney with authority to make scheduling decisions must appear on behalf of the parties at all court appearances.  In addition, counsel must have their calendars and the calendars of any necessary co-counsel available with them for possible scheduling of future events related to the case.  In the event that counsel is not a member of the Bar of this Court and is located outside the District, local counsel[3] must be available to appear with the necessary authority to make scheduling decisions on behalf of all parties and counsel in the case.

6.    **Motions for Extensions of Time to File Pleadings:** Motions for extension of time to file pleadings are strongly discouraged unless both parties consent.  Counsel seeking an extension of time must file a written motion and a proposed order.  Such a motion must include:

    a.    the number of previous extensions requested and granted to each party;

    b.    the specific ground(s) for the motion; a statement of the effect that the Court's granting of the motion will have on all other previously scheduled deadlines;

---

[3] LCvR 83.2(c) requires that an attorney who is not a member of the Bar of this Court must obtain local counsel that is a member in good standing of this Court.

    c.    in cases where the motion seeks to extend the deadline for a dispositive motion, a suggested timeline for the filing of the opposition[4] and reply; and

    d.    pursuant to Local Civil Rule 7(m), the moving party shall include a statement of opposing counsel's position on the motion.

Failure to comply with the Local Civil Rules or this Order may result in rejection of the request. The Court grants such motions only upon a showing of good cause, focusing on the diligence of the party seeking the continuance and any prejudice that may result if the Court denies the continuance.[5]

7. **Pleadings:** Every pleading signed by an attorney shall, in conformity with Local Civil Rule 5.1(e), contain the name, address, <u>telephone number</u>, fax number, and bar identification number of the attorney and, where applicable, local counsel.

8. **Settlement and Alternative Dispute Resolution:** In order to reduce litigation expenses and delay, to eliminate the anxiety of trial and the risk of an unsatisfactory outcome, it is desirable that settlement occur as early as possible in the litigation process. The Court is available to assist the parties in pursuing settlement early in the process. However, the Court will not delay trial so that the parties may participate in settlement discussions on the eve of trial.

It shall be the norm for all cases to be referred for some form of alternative dispute resolution (ADR). Pursuant to Rule 16.3, the parties' Joint Meet and Confer Statement should address the potential benefit of ADR to their case, what steps should be taken to facilitate ADR, and the point during litigation at which ADR would be most appropriate. In considering what form of alternative dispute resolution the parties think the case is

---

[4] The deadline for the opposition should be suggested only after consulting with opposing counsel.

[5] *See Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner,* 101 F.3d 145 (D.C. Cir. 1996).

    most suited, counsel are reminded that their options include mediation (either with a private firm or a Magistrate Judge), arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution that can be tailored to the needs of their case.  If the parties believe that the case is not a candidate for alternative dispute resolution, they should provide the Court with an explanation of their position.

9.    **Stipulations of Dismissal:** Parties must submit a signed copy that includes a signature line for the Court.  Under no circumstances shall the signature line appear alone on a page of the proposed order.

    **SO ORDERED.**

                                          **RICHARD J. LEON**
                                          **United States District Judge**