IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WILLIE LEE HOWARD,** | * |
| | * |
| Plaintiff, | |
| | * |
| v. | Case No.:  1:08-cv-510-RJL |
| | * |
| **COUNTRYWIDE HOME LOANS, INC.,** *et al.*, | |
| | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER OF INDYMAC BANK, F.S.B.

Defendant, IndyMac Bank, F.S.B. ("IndyMac"), by counsel, hereby answers the Verified Complaint of Plaintiff Willie Lee Howard, and states as follows:

1.  IndyMac admits Plaintiff filed the instant Complaint, which speaks for itself. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint.

2.  IndyMac denies the allegations in paragraph 2 of the Complaint to the extent they allege any wrongdoing by IndyMac and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint.

3.  Paragraph 3 of the Complaint states a legal conclusion to which IndyMac is not required to respond.  To the extent that paragraph 3 is deemed to allege facts, IndyMac denies those allegations.

4.  Paragraph 4 of the Complaint states a legal conclusion to which IndyMac is not required to respond.  To the extent that paragraph 4 is deemed to allege facts, IndyMac denies those allegations.

#827332v.1

5. Paragraph 5 of the Complaint states a legal conclusion to which IndyMac is not required to respond.

6. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. IndyMac admits that it is a federally chartered savings bank with its corporate headquarters located at 888 East Walnut Street, Pasadena, California 91101. IndyMac cannot respond to the allegation that it "regularly" originates and purchases loans secured by homes in the District of Columbia because that statement is vague and ambiguous.

11. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.   IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.   IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.   IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Complaint.

18.   IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19.   IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20.   IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21.   IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22.   IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23.   IndyMac denies the allegations in paragraph 23 of the Complaint to the extent they allege any wrongdoing by IndyMac and states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint.

24.   IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

The allegations relating to IndyMac contained in the "Summary of Loan Terms June, 2006 – November, 2006" (the "Summary") on page 7 of the Complaint refers to information contained in the loan documents associated with the IndyMac loan, which documents speak for themselves. To the extent the Summary asserts allegations against other Defendants, IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

26. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. IndyMac admits that Plaintiff's loan with IndyMac settled on December 7, 2005. The remaining allegations concern information contained in the loan settlement documents, which documents speak for themselves.

33. IndyMac admits that Equitable, as the broker on the loan at issue, was compensated, but denies that Plaintiff fully or accurately describes the procedures by which a broker is compensated, and therefore IndyMac denies the remaining allegations in paragraph 33 of the Complaint.

34. IndyMac states that the allegations in paragraph 34 of the Complaint concerning Plaintiff's mortgage rate refer to information contained in loan documents, which documents speak for themselves, and denies that Plaintiff fully or accurately describes the information contained therein.

35. IndyMac denies the allegations in paragraph 35 of the Complaint to the extent they assert any wrongdoing by IndyMac. Further, IndyMac states that the allegations in paragraph 35 of the Complaint refer to information contained in loan documents, which documents speak for themselves, and denies that Plaintiff fully or accurately describes the information contained therein.

36. The allegations in paragraph 36 of the Complaint refer to information contained in loan documents, which documents speak for themselves.

37. The allegations in paragraph 37 of the Complaint refer to information contained in the Truth in Lending Disclosure Statement, which document speaks for itself. IndyMac denies that Plaintiff fully or accurately describes the information contained therein.

38. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint.

39. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint.

40. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint.

41. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

47. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint.

48. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.

49. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

50. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

51. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint.

54. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

55. IndyMac lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 55.

56. IndyMac denies the allegations relating to IndyMac in paragraph 56 of the Complaint. To the extent the allegations in paragraph 56 of the Complaint relate to other defendants, IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations.

57. IndyMac denies the allegations relating to IndyMac in paragraph 57 of the Complaint. To the extent the allegations in paragraph 57 of the Complaint relate to other defendants, IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## COUNT I

58. In response to the allegations in paragraph 58 of the Complaint, IndyMac incorporates its responses to the allegations in paragraphs 1-57 of the Complaint.

59. Paragraph 59 of the Complaint is a legal conclusion, to which IndyMac is not required to respond. To the extent that paragraph 59 is deemed to allege facts, lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

60. Paragraph 60 of the Complaint is a legal conclusion, to which IndyMac is not required to respond. To the extent that paragraph 60 is deemed to allege facts, lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

61. Paragraph 61 of the Complaint is a legal conclusion, to which IndyMac is not required to respond. To the extent that paragraph 61 is deemed to allege facts, lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

62. Paragraph 62 of the Complaint is a legal conclusion, to which IndyMac is not required to respond. To the extent that paragraph 62 is deemed to allege facts, lacks knowledge or information sufficient to form a belief about the truth of the allegations.

63. IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63.

64. IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64.

65. IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65.

## COUNT II

66. In response to the allegations in paragraph 66 of the Complaint, IndyMac incorporates its responses to the allegations in paragraphs 1-65 of the Complaint.

67. IndyMac denies the allegations in paragraph 67 of the Complaint to the extent they assert any wrongdoing by IndyMac. To the extent the allegations in paragraph 67 relate to

other defendants, IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations.

68.    IndyMac denies the allegations in paragraph 68 of the Complaint to the extent they assert any wrongdoing by IndyMac. To the extent the allegations in paragraph 68 relate to other defendants, IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations.

69.    IndyMac denies the allegations in paragraph 69 of the Complaint to the extent they assert any wrongdoing by IndyMac. To the extent the allegations in paragraph 69 relate to other defendants, IndyMac lacks knowledge or information sufficient to form a belief about the truth of the allegations.

## COUNT IV[1]

70.    In response to the allegations in paragraph 70 of the Complaint, IndyMac incorporates its responses to the allegations in paragraphs 1-69 of the Complaint.

71.    IndyMac admits the allegations in paragraph 71 to the extent they relate to IndyMac. To the extent the allegations in paragraph 71 relate to other defendants, IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

72.    Paragraph 72 of the Complaint is a legal conclusion, to which IndyMac is not required to respond. To the extent that paragraph 72 is deemed to allege facts, IndyMac denies the allegations. To the extent the allegations in paragraph 72 relate to other defendants, IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

73.    IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73.

---

[1] Count III is omitted in the Complaint.

74. Paragraph 74 of the Complaint is a legal conclusion, to which IndyMac is not required to respond. To the extent that paragraph 74 is deemed to allege facts, IndyMac denies the allegations.

75. IndyMac denies that its TILA Disclosure Statement failed to disclose material terms.

76. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76.

77. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77.

78. Paragraph 78 of the Complaint is a legal conclusion, to which IndyMac is not required to respond. To the extent that paragraph 78 is deemed to allege facts, IndyMac denies the allegations.

79. Paragraph 79 of the Complaint is a legal conclusion, to which IndyMac is not required to respond. To the extent that paragraph 79 is deemed to allege facts, IndyMac denies the allegations.

## **COUNT V**

80. In response to the allegations in paragraph 80 of the Complaint, IndyMac incorporates its responses to the allegations in paragraphs 1-79 of the Complaint.

81. Paragraph 81 of the Complaint is a legal conclusion, to which IndyMac is not required to respond. To the extent that paragraph 81 is deemed to allege facts, IndyMac denies the allegations.

## COUNT VI

82.   In response to the allegations in paragraph 82 of the Complaint, IndyMac incorporates here its responses to the allegations in paragraphs 1-81 of the Complaint.

83.   IndyMac denies the allegations in paragraph 83 of the Complaint to the extent they assert any wrongdoing by IndyMac. To the extent the allegations in paragraph 83 relate to other defendants, IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

84.   IndyMac denies the allegations in paragraph 84 of the Complaint to the extent they assert any wrongdoing by IndyMac. To the extent the allegations in paragraph 84 relate to other defendants, IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## COUNT VII

85.   In response to the allegations in paragraph 85 of the Complaint, IndyMac incorporates here its responses to the allegations in paragraphs 1-84 of the Complaint.

86.   IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86.

87.   IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87.

## COUNT VIII

88.   In response to the allegations in paragraph 88 of the Complaint, IndyMac incorporates here its responses to the allegations in paragraphs 1-87 of the Complaint.

89.   IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89.

90. IndyMac lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim from which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims against IndyMac are barred by applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against IndyMac are barred by the principles of laches, waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against IndyMac are barred by fraud.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against IndyMac are barred by the principle of unclean hands.

WHEREFORE, Defendant IndyMac respectfully requests that this Court enter judgment for Defendant, dismiss Plaintiff's Complaint with prejudice, with costs, interest, and attorneys fees awarded to IndyMac, and grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

/s/
John B. Isbister (D.C. Bar No. 277418)
jisbister@tydingslaw.com
Tydings & Rosenberg LLP
100 East Pratt Street, 26th floor
Baltimore, MD  21202
(410) 752-9700

*Attorneys for Defendant and Cross-Plaintiff IndyMac Bank, F.S.B.*

12

## CERTIFICATE OF SERVICE

I hereby certify that on April 4th, 2008, a copy of the foregoing Answer of IndyMac Bank, F.S.B. was sent via the court's e-filing system to the following:

Jean Constantine-Davis
Nina F. Simon
AARP Foundation Litigation
601 E Street, NW
Washington, DC 20049
(202) 434-2058
*Counsel for Plaintiff*

Melissa Briggs
Eric Halperin
Center for Responsible Lending
910 17th Street, NW
Washington, DC 20006
(202) 349-1850
*Counsel for Plaintiff*

Al Wilson
The Wilson Firm
700 12th Street, NW, Suite 700
Washington, DC 20005
(202) 558-5170
*Counsel for Plaintiff*

Jonathan Zucker
Patricia Daus
514 10th Street, NW
Washington, DC 20004
(202) 624-0784
*Counsel for Plaintiff*

Michael N. Russo, Jr.
Council, Baradel, Kosmerl & Nolan, P.A.
125 West Street, Fourth Floor
P.O. Box 2289
Annapolis, Maryland
*Counsel for Defendant Washington Mutual*

Mark B. Bierbower
Dianne M. Keppler
Hunton & Williams LLP
1900 K Street, NW
Washington, DC 20006
*Counsel for Defendant Countrywide Home Loans, Inc.*

Harry Levy
Shumaker Williams, P.C.
40 West Chesapeake Ave
Suite 605
Towson, Maryland 21204
*Counsel for Defendants/Cross-Defendants Equitable Mortgage Group, Inc. and William Mason*

Daniel M. Press
Chung & Press, P.C.
6718 Whittier Ave.
Suite 200
McLean, Virginia 22101
*Counsel for Defendant Mortgage Discounters, Inc.*

David L. Permut
Sabina Rose-Smith
Goodwin Procter, LLP
901 New York Avenue, NW
Washington, DC 20001
*Counsel for Defendant WMC Mortgage Corporation*

_____/s/_____
John B. Isbister

#827332v.1