IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIE LEE HOWARD

       Plaintiff,

       v.

COUNTRYWIDE HOME LOANS
INC., et al.,
       Defendants.

No. 08-0510 (RJL)

## JOINT MEET AND CONFER STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3, counsel for all parties conferred on April 21, 2008 and April 29, 2008. Pursuant to this Court's Case Management Order, dated April 1, 2008, counsel for the parties submit this Joint Meet and Confer Statement as well as a corresponding proposed initial scheduling order in accordance with Rule 16.3(d). As required by the Case Management Order, the Meet and Confer Statement consists of: (1) a statement addressing all topics listed in Local Rule 16.3(c); (2) a one-page statement of the facts of the case; and (3) the statutory basis for all causes of action and defenses.

**I. Statement Addressing Local Rule 16.3(c).**

Counsel for the parties discussed and reached the following agreements with respect to the matters enumerated in Local Rule 16.3(c):

1. <u>Whether the case is likely to be disposed of by dispositive motion:</u>

Plaintiff anticipates filing a motion for partial summary judgment as described in response to matter 6, but does not believe that the entire case can be resolved by dispositive motion at this time nor in the future. After discovery, Defendants also anticipate filing dispositive motions that may resolve some or all claims against some or all Defendants.

2. <u>Date by which other parties should be joined and pleadings amended</u>:

All parties agree that parties should be joined and pleadings amended by September 15, 2008. However, Plaintiff reserves the ability to name subsequent assignees of Mr. Howard's mortgage loan until judgment. Plaintiff also anticipates amending his Complaint to add the Federal National Mortgage Association ("Fannie Mae"), which currently owns his Countrywide mortgage.

3. <u>Assignment to magistrate judge</u>:

The parties do not agree on whether this case should be assigned to a magistrate judge.

4. <u>Possibility of settlement</u>:

Plaintiff is willing to negotiate in good faith with the Defendants and has reached a tentative settlement with Defendant WMC Mortgage. Defendants would like to reach an early settlement and submit the case to ADR as described in response to matter 5 below.

5. <u>Submission to the Court's ADR program</u>:

Defendants have proposed to Plaintiff a stay of discovery for the month of May and participation in a mediation session to facilitate a prompt resolution of this case based on their view that the amount of damages alleged by Plaintiff is modest, the number of parties, and the potential expense of discovery.

Plaintiff opposes staying discovery and does not believe that ADR can be meaningful until after Plaintiff has obtained additional information from the Defendants. To this end, Defendants have agreed to respond to informal discovery requests from Plaintiff. However, Defendants have not provided Plaintiff with a date by which he will receive such discovery. Until the necessary information is produced, whether informally or through formal discovery, Plaintiff is not in a position to meaningfully participate in mediation.

If Plaintiff will not agree to stay discovery and enter into mediation, Defendants ask that the Court require the parties to participate in mediation pursuant to LCvR 84.4 (a) (2) and stay discovery until that mediation can be completed.

6. <u>Summary judgment</u>:

All parties anticipate filing motions for summary judgment on some or all of the claims. Motions for summary judgment should be filed no later than May 1, 2009, with responses due 30 days thereafter (no later than June 1, 2009) and replies due 15 days later (no later than June 15, 2009).

7. <u>Initial disclosures required by Fed. R. Civ. P. 26(a)(1)</u>:

Parties will comply with the initial disclosures required by Rule 26(a)(1) by May 9, 2008.

8. <u>Extent and timing of discovery</u>:

Factual discovery will close on December 19, 2008. Interrogatories are limited to 35 by the Plaintiff to each Defendant and 35 by each Defendant to Plaintiff. Plaintiff and each Defendant are limited to 50 requests for admissions other than those requesting document authenticity or the foundation for admissibility.

9. <u>Experts</u>:

Proponents shall designate any experts and provide the information and documents required by FRCP 26(a)(2) no later than February 2, 2009. Opponents shall designate any experts and provide the information and documents required by FRCP 26(a)(2) by March 2, 2009. All expert discovery shall be completed no later than April 1, 2009.

10. <u>Class actions</u>:  Not Applicable

11. <u>Bifurcation</u>:

Defendants agree and request that the cross-claims be bifurcated and stayed pending resolution of the Plaintiff's case against Defendants.

12. <u>Date for pretrial conference</u>:

July 15, 2009.

13. <u>Trial date</u>:

The parties request that the Court set a trial date at the final pretrial conference.

14. <u>Other matters</u>:

None.

## II. **<u>Statement of the Facts.</u>**

Counsel for the parties agree to the following statement of the facts:

Willie Lee Howard purchased his first home, a 963 square foot, 2 bedroom, 1 bath house at 227 34th St. NE, Washington, DC 20019, in May of 2000 with a HUD-subsidized loan.

In June of 2005, Mr. Howard refinanced the mortgage on his home with Mortgage Discounters, Inc., d/b/a/ Premier Funding Group ("Premier") serving as the mortgage broker for the loan that was funded by WMC Mortgage. Plaintiff has settled his claims against WMC.

In December of 2005, Mr. Howard refinanced the mortgage on his home with William Mason of Equitable Mortgage Group, Inc. ("Equitable") serving as the mortgage broker for the loan which was originated by IndyMac Bank, F.S.B. ("IndyMac"). Mr. Howard's IndyMac loan was a payment option adjustable rate mortgage with a prepayment penalty. IndyMac provided various documents at closing, including a Truth in Lending Act ("TILA") Disclosure Statement.

In May of 2006, Mr. Howard again refinanced the mortgage on his home. The loan was funded by AMPRO Mortgage and assigned to Washington Mutual Bank, F.S.B. ("WaMu"). Mr.

4

Howard's loan was a payment option adjustable rate mortgage. Various documents, including a TILA Notice of Right to Cancel and a TILA disclosure statement, were provided at closing.

In October of 2006, Mr. Howard refinanced the mortgage on his home through a retail office of Countrywide Home Loans, Inc. ("Countrywide"). Mr. Howard's Countrywide loan is an interest-only loan. Mr. Howard's loan application indicated that his income was $00.00.

### III. Statutory Basis for Claims and Defenses.

#### A. Plaintiff Willie Howard's Claims.

##### 1. DCCPA Claims Against All Defendants.

a. Plaintiff alleges the no-income no asset mortgage made to him by Countrywide and held by as yet unnamed Defendant Assignee, Fannie Mae, is an unconscionable loan that violates of D.C. Code 28-3904(r)

b. Plaintiff alleges Defendants Equitable, Premier, IndyMac, WaMu, William Mason, Countrywide, and Defendant Assignees solicited, brokered, extended, and securitized complex and unconscionable loans to Mr. Howard in violation of D.C. Code 28-3904(r) and committed unfair trade practices under D.C. Code § 28-3904.

##### 2. Truth in Lending Act Claims Against IndyMac, WaMu, and Unknown Assignees.

Plaintiff also asserts rescission claims against Defendants IndyMac, WaMu and any other Defendant assignee of the IndyMac and AMPRO mortgages based on their failure to provide material disclosures under the federal Truth in Lending Act, 15 U.S.C. §1601, *et seq.* ("TILA") as well as claims against IndyMac under D.C. Code §28-3301(f)(3) based on its failure to provide the required disclosures.

#### B. Defendants' Defenses.

Defendants maintain that the Plaintiff, who they believe is not illiterate, voluntarily, knowingly and repeatedly sought out and entered into the refinance transactions alleged in the Complaint. Defendants further maintain that they complied with TILA, and that Plaintiff does not have a valid CPPA claim.

Defendants maintain that Plaintiff's claim for treble and punitive damages under the CPPA violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution because it awards a penalty without individualized consideration of whether or not the penalty is appropriate and the CPPA would impose a punishment that is disproportionate to the harm alleged and entirely unwarranted by defendants' conduct.

Plaintiff's CPPA claims are preempted by the National Banking Act, 12 U.S.C. § 1 *et seq.*, the Home Owners Loan Act, 12 U.S.C. § 1461 *et seq.*, and the regulations promulgated thereunder.

In addition, the TILA claim asserted by Plaintiff is time barred by the relevant statue of limitations. 15 U.S.C. § 1640 (e) ("Any action under this section may be brought …within one year from the date of the occurrence of the violation.").

Defendant Countrywide Home Loans, Inc. will show that "no income, no asset" loans are not unconscionable under the CPPA.

Respectfully submitted,

/s/ *Jean Constantine Davis*
Jean Constantine-Davis #250084
jcdavis@aarp.org
Nina F. Simon #256396
nsimon@aarp.org
AARP Foundation Litigation
601 E Street, NW
Washington, D.C. 20049
(202) 434-2058 or 2059

/s/ Melissa Briggs
Melissa Briggs #480862
Melissa.briggs@responsiblelending.org
Eric Halperin #491199
Eric.halperin@responsiblelending.org
Center for Responsible Lending
910 17th Street, NW
Washington, DC 20006
(202) 349-1850


/s/ Al Wilson
Al Wilson #486596
awilson@thewilsonfirm.com
The Wilson Firm, LLC
700 12th Street, NW, Ste. 700
Washington, DC 20005
(202) 558-5170


/s/ Jonathan Zucker
Jonathan Zucker # 384629
jonathanzucker@aol.com
Patricia Daus #412174
pdaus2@covad.net
514 10th Street NW, 9th Floor
Washington, D.C. 20004
(202) 624-0784


Attorneys for Plaintiff Willie Lee Howard


/s/ Daniel M. Press
Daniel M. Press #419739
CHUNG & PRESS, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
(703) 734-3800
(703) 734-0590 fax
dpress@chung-press.com
*Counsel for Defendant Mortgage Discounters, Inc.*

7

/s/ Harry Levy
Harry Levy, #389060
Michael E. Rowan, #490936
Shumaker Williams, P.C.
40 West Chesapeake Avenue, Suite 605
Towson, Maryland 21204
Phone: 410-825-5223
Facsimile: 410-825-5426
Email: Levy@shumakerwilliams.com
Email: Rowan@shumakerwilliams.com
*Attorneys for Defendants, Equitable
Mortgage Group, Inc. and William Mason*


/s/ Mark B. Bierbower
Mark B. Bierbower (D.C. Bar #320861)
Dianne M. Keppler (D.C. Bar #468580)
HUNTON & WILLIAMS, LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
(202) 955-1500
(202) 778-2201 (fax)
*Counsel for Defendant Countrywide Home Loans, Inc.*


/s/ John B. Isbister
John B. Isbister (D.C. Bar No. 277418)
jisbister@tydingslaw.com
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
(410) 752-9700
*Attorneys for Defendant and Cross Plaintiff
IndyMac Bank, F.S.B.*


COUNCIL, BARADEL, KOSMERL &
NOLAN, P.A.

By:    */S/ Michael N. Russo, Jr.*
Michael N. Russo, Jr., Esq.
D.C. Bar #424712
Michael S. Steadman
D.C. Bar #502347
125 West Street, 4th Floor
Post Office Box 2289
Annapolis, Maryland 21404-2289
Annapolis: (410) 268-6600
Baltimore: (410) 269-6190
Washington (301) 261-2247
*Attorneys for Defendants Washington Mutual Bank*

Dated: May 5, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIE LEE HOWARD
        Plaintiff,

                                  No. 08-0510(RJL)

        v.

COUNTRYWIDE HOME LOANS
INC., et al.,
        Defendants.

## INITIAL SCHEDULING ORDER

       It is hereby ORDERED that Rule 26(a) disclosures are due on or before May 9, 2008;

       it is further ORDERED that amendments to pleadings and joinder of parties, if any, will be completed on or before September 15, 2008, with Plaintiff reserving the right to name subsequent assignees of his current mortgage loan occurring after that date;

       it is further ORDERED that fact discovery will include: (1) no more than 35 interrogatories from the Plaintiff to each Defendant and by each Defendant to Plaintiff; (2) Plaintiff and each Defendant are limited to 50 requests for admissions other than those requesting document authenticity or the foundation for admissibility; and (3) depositions as provided in the Rules. Fact discovery will be completed on or before December 19, 2008;

       it is further ORDERED that proponents' expert identifications and reports, if any, are due on or before February 2, 2009, and opponents' expert identifications and reports, if any, are due on or before March 2, 2009. All expert discovery should be completed no later than April 1, 2009;

       it is further ORDERED that summary judgment motions must be filed on or before May 1, 2009, with oppositions due 30 days thereafter (no later than June 1, 2009) and replies due 15 days thereafter (no later than June 15, 2009).

       and it is further ORDERED that cross-claims are bifurcated and stayed pending Plaintiff's case against the Defendants.

*The following provision is Proposed by Defendants and Opposed by Plaintiff:*

    *and it is further ORDERED that discovery be stayed until May 30, 2008 for the purpose of participating in mediation.*

Dated:

                                                The Honorable Richard J. Leon
                                                United States District Judge