IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Willie Lee Howard,** | ) |
| | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 08cv00510 (RJL) |
| | ) |
| **Countrywide Home Loans, Inc.,** *et al.*, | ) |
| | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## UNOPPOSED MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

Defendant Countrywide Home Loans, Inc. respectfully moves this Court, pursuant to Fed. R. Civ. P. 26(c), for entry of the attached Stipulated Protective Order limiting the use and disposition of information and documents. Discovery in this action is expected to yield sensitive and confidential business information of the Defendants. Further, some of the documents and information expected to be submitted by subpoenaed third parties may also contain sensitive and confidential business information. As a result, the Plaintiff and the Defendants have agreed to the attached Stipulated Protective Order and request that the Court enter it in this case.

### Statement of Compliance with LCvR 7.1(m)

Pursuant to LCvR 7.1(m), counsel for Defendant Countrywide Home Loans Inc., consulted with counsel for Plaintiff and counsel for Defendants on July 31, 2008. Counsel for Plaintiff Willie Lee Howard and counsel for Defendants Equitable Mortgage Group, Inc., IndyMac Federal Bank, F.S.B, William Mason, Mortgage Discounters, Inc.,

and Washington Mutual Bank have authorized Countrywide Home Loans, Inc. to move for entry of this Stipulated Protective Order.

Date:  July 31, 2008                                         Respectfully submitted,

                                                             Countrywide Home Loans, Inc.


                                                             By:  _____/s/ Dianne M. Keppler_____


Mark B. Bierbower (DC Bar #320861)
Dianne M. Keppler (DC Bar #468580)
HUNTON & WILLIAMS, LLP
1900 K Street, N.W.
Washington, D.C.  20006-1109
(202) 955-1500
Fax:  (202) 778-2201
*Counsel for Defendant Countrywide Home Loans, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2008, I electronically served the foregoing **UNOPPOSED MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to the following:

Jean Constantine-Davis
Nina F. Simon
AARP Foundation Litigation
601 E Street, NW
Washington, DC 20049
(202) 434-2058
*Counsel for Plaintiff*

Melissa Briggs
Eric Halperin
Center for Responsible Lending
910 17th Street, NW
Washington, DC 20006
(202) 349-1850
*Counsel for Plaintiff*

Al Wilson
The Wilson Firm
700 12th Street, NW, Suite 700
Washington, DC 20005
(202) 558-5170
*Counsel for Plaintiff*

Jonathan Zucker
Patricia Daus
514 10th Street, NW
Washington, DC 20004
(202) 624-0784
*Counsel for Plaintiff*

Harry Levy
Shumaker Williams, P.C.
40 West Chesapeake Ave., Suite 605
Towson, MD 21204
*Counsel for Equitable Mortgage Group, Inc. & William Mason*

David L. Permut
Sabrina Rose-Smith
Goodwin Proctor LLP
901 New York Ave., NW
Washington, DC 20001
*Counsel for WMC Mortgage Corporation*

Daniel M. Press
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
*Counsel for Mortgage Discounters, Inc.*

John B. Isbister
Tydings & Rosenberg, LLP
100 E. Pratt St.
Baltimore, MD 21202-1062
*Counsel for IndyMac Federal Bank, F.S.B.*

Michael N. Russo, Jr.
Michael S. Steadman
Council, Baradel, Kosmerl & Nolan, P.A.
125 West St., 4th Floor
P.O. Box 2289
Annapolis, MD 21404-2289
*Counsel for Washington Mutual Bank, F.S.B.*

              _/s/Dianne M. Keppler_
              for Hunton & Williams

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Willie Lee Howard,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 08cv00510 (RJL) |
| | ) |
| **Countrywide Home Loans, Inc.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules for Civil Procedure, and upon the unopposed motion of Defendant Countrywide Home Loans, Inc., and stipulation of Plaintiff Willie Lee Howard and Defendants Countrywide Home Loans, Inc., Equitable Mortgage Group, Inc., William Mason, IndyMac Federal Bank, F.S.B., Mortgage Discounters, Inc., and Washington Mutual Bank, by counsel, it is ORDERED that the following terms and conditions shall govern the production, use, and disposal of confidential, proprietary and/or commercially sensitive information in this action.

I. **DISCOVERY PHASE**

A. If a party or an attorney for a party has a good faith belief that certain documents or other materials, including digital information, subject to disclosure pursuant to a discovery or other request, including documents subject to subpoena requests to third parties, contain confidential, proprietary and/or commercially sensitive information and should not be disclosed other than in connection with this action and pursuant to this Protective Order, the party or attorney shall designate each such document or other material as "CONFIDENTIAL" or

"ATTORNEY'S EYES ONLY" on the front page of such document or in any other conspicuous location thereof.

    B.    If a party or an attorney for a party disputes whether a document or other material should be designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," the parties and/or attorneys shall attempt to resolve the dispute between themselves. If they are unsuccessful, the party or attorney challenging the relevant designation may do so by filing an appropriate motion. The proponent of the designation will have the burden of persuasion that the document or material should be withheld from the public record under Federal Rule of Civil Procedure 26(c). Pending the Court's ruling on any such objection, all parties shall treat the material as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

    C.    No party or attorney or other person subject to this Protective Order shall distribute, transmit, or otherwise divulge any document or other material that is designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," or the contents thereof, except in accordance with this Protective Order. Court personnel are not subject to this Protective Order while engaged in the performance of their official duties.

    D.    Any document or other material that is designated as "CONFIDENTIAL," or the contents thereof, shall only be used for the purpose of this litigation by a party, a party's attorney or such attorney's employee, expert witness, consultant, or other person to whom disclosure is made. Any document or other material that is designated as "ATTORNEY'S EYES ONLY," or the contents thereof, shall only be used for the purpose of this litigation by a party's attorney or such attorney's employee, expert witness, consultant, or other person to whom disclosure is made, and further shall not be disclosed by such person to his or her respective clients.

E.  Nothing contained in this Protective Order shall prevent the use of any document or other material that is designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," or the contents thereof, at any discovery deposition taken in this action. Portions of any depositions shall be deemed "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" if they are designated as such when the deposition is taken or within seven (7) business days after receipt of the transcript. Any testimony that describes a document which has been designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall also be deemed to be designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

F.  If a party or attorney wishes to disclose any document or other material that is designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," or the contents thereof, to any person actively engaged in working on this action (e.g., court reporters engaged for depositions, consultants, witnesses, and potential witnesses including expert witnesses), the person making the disclosure shall do the following:

1.  Provide a copy of this Protective Order to the person to whom disclosure is made;

2.  inform the person to whom disclosure is made that s/he is bound by this Protective Order;

3.  require the person to whom disclosure is made to sign an acknowledgement and receipt of this Protective Order by signing the certification attached hereto as Exhibit A;

4.  instruct the person to whom disclosure is made to return any document or other material that is designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" at the conclusion of the case, including notes or memoranda made from such material;

5.  maintain a list of persons to whom disclosure was made and the designated materials which were disclosed to that person; and

6.  at the conclusion of the action, gather the designated materials, copies thereof, and related notes and memoranda, and either destroy them or return them to the

party or attorney who originally disclosed them, and provide a certificate of compliance with the terms of this Protective Order.

G. The inadvertent or unintentional disclosure of information deemed as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by a producing person without any appropriate designation shall not be deemed to be a waiver in whole or in part of that producing person's claim of confidentiality going forward, either as to the specific information or as to any other document or information relating thereto or on the same or related subject matter.

H. The inadvertent or unintentional disclosure of any privileged material by a producing person shall not be deemed to be a waiver or impairment of any claim of privilege, including but not limited to the attorney-client or accountant-client privilege or work product protection, concerning the produced material, any unproduced material, or the subject matter of any produced material.

I. If a producing person has inadvertently or unintentionally produced confidential information without any appropriate designation, or information subject to a claim of privilege, upon written request made by the producing party within a reasonable period of time, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of receiving such request unless the receiving party intends to challenge the producing party's assertion of confidentiality or privilege. The receiving party may use such information in challenging the claim of confidentiality or privilege provided that this information is filed under seal with the Court. No other use of this information will be permitted pending the Court's ruling.

## II. POST-DISCOVERY PHASE

A. If any party or attorney wishes to file, or use an exhibit or as evidence at a hearing or trial, any document or materials designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," s/he must provide reasonable notice to the party that produced the document or material. The parties and/or attorneys shall then confer regarding the matter of continued designation and either (a) agree to remove the "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" designation, (b) create a mutually acceptable redacted version that suffices for purposes of the case, or (c) the party and/or attorney seeking to maintain the relevant designation may file a motion with the Court to place the filing under seal pursuant to Local Rule of Civil Procedure 5.1(j), and any party objecting to such motion shall file an opposition to the motion. The proponent of the continued designation will have the burden of persuasion that the document or material should be withheld from the public record under Federal Rule of Civil Procedure 26(c). Pending the Court's ruling on any such motion, all parties shall treat the material as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

B. At the conclusion of this matter, the Clerk of this Court shall be permitted to destroy any sealed material, or in the alternative, to return such material to counsel for the party who originally designated the material as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."

The Clerk is directed to send attested copies of this Order to all counsel of record.
IT IS SO ORDERED this ____ day of _____, 2008.

_____
Richard J. Leon
United States Judge

AGREED:

COUNSEL FOR PLAINTIFF WILLIE LEE HOWARD:


*/s/ Jean Constantine-Davis*
Jean Constantine-Davis, DC Bar #250084
jcdavis@aarp.org
Nina F. Simon, DC Bar #256396
AARP Foundation Litigation
601 E Street, NW
Washington, DC  20049
(202) 434-2058 or 2059


*/s/ Melissa Briggs*
Melissa Briggs, DC Bar #480862
Melissa.briggs@responsiblelending.org
Eric Halperin, DC Bar #491199
Eric.halperin@responsiblelending.org
Center for Responsible Lending
910 17th Street, N.W.
Washington, DC  10006
(202) 349-1850


*/s/ Patricia Daus*
Jonathan Zucker, DC Bar #384629
Jonathanzucker@aol.com
Patricia Daus, DC Bar #412174
pdaus@covad.net
514 10th Street, N.W., 9th Floor
Washington, DC  20004
(202) 624-0784


*/s/ Al Wilson*
Al Wilson, DC Bar #486596
awilson@thewilsonfirm.com
700 12th Street, N.W., Suite 700
Washington, DC  20005
(202) 349-1850

6

COUNSEL FOR COUNTRYWIDE HOME LOANS, INC.:

/s/ Dianne M. Keppler
Mark B. Bierbower, DC Bar #320861
mbierbower@hunton.com
Dianne M. Keppler, DC Bar #468580
dkeppler@hunton.com
HUNTON & WILLIAMS, LLP
1900 K Street, N.W.
Washington, D.C. 20006-1109
(202) 955-1500


COUNSEL FOR EQUITABLE MORTGAGE GROUP, INC. AND WILLIAM MASON:

/s/ Michael E. Rowan
Harry Levy, DC Bar #389060
Levy@shumakerwilliams.com
Michael E. Rowan, DC Bar #490936
rowan@shumakerwilliams.com
Shumaker Williams, P.C.
40 West Chesapeake Avenue, Suite 605
Towson, MD 21204
(410) 825-5223


COUNSEL FOR INDYMAC FEDERAL BANK, F.S.B.
(FORMERLY INDYMAC BANK, F.S.B.):

/s/ John B. Isbister
John B. Isbister, DC Bar # 277418
jisbister@TydingsLaw.com
Kristin Herber, Admitted *Pro Hac Vice*
kherber@tydingslaw.com
Tydings & Rosenberg LLP
100 East Pratt Street
26th Floor
Baltimore, MD 21202
(410) 752-9700

7

COUNSEL FOR MORTGAGE DISCOUNTERS, INC.:

*/s/ Daniel M. Press*
Daniel M. Press, DC Bar #419739
dpress@chung-press.com
Chung & Press, P.C.
6718 Whittier Ave. #200
McLean, VA 22101
(703) 734-3800


COUNSEL FOR WASHINGTON MUTUAL BANK:

*/s/ Michael N. Russo, Jr.*
Michael N. Russo, Jr., DC Bar #424712
russo@cbknlaw.com
Jeffrey A. Barmach
barmach@cbknlaw.com
Council, Baradel, Kosmerl & Nolan, P.A.
124 West Street, 4th Floor
Post Office Box 2289
Annapolis, MD 21404-2289
(410) 268-6600

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Willie Lee Howard,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 08cv00510 (RJL) |
| | ) |
| **Countrywide Home Loans, Inc.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**CONFIDENTIALITY AGREEMENT**
<u>**PURSUANT TO PROTECTIVE ORDER**</u>

  I, the undersigned, _____, hereby acknowledge that I have received a copy of the Protective Order entered in this action, to which this agreement was attached as Exhibit A, have read it, and agree to be bound by all provisions thereof including, without limitation, that I will not use information designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" for any purpose not permitted by the Protective Order; that I shall return to Counsel supplying me with said information, at the earlier of the end of my involvement or the conclusion of this Litigation, including any appeals therein, all copies of such information that has been provided to me, including all notes, abstracts, summaries and excerpts prepared from such information that have not previously been destroyed by me and certify to such Counsel that all such information in my possession has been returned to such Counsel or destroyed; that I shall not make any copies of such information for any purpose not permitted by the Protective Order; and, that I shall not provide such information to anyone else who has not executed this Agreement or who, pursuant to paragraph I.F of the Protective Order is not entitled to receive such information without executing this Agreement. I further understand that I shall remain bound by the Protective Order after the conclusion of this Litigation unless otherwise ordered by the Court. I understand that violation of this Protective Order may constitute contempt of a Court Order.

Dated:_____     Signature:_____

                       Name:_____

                       Address:_____